

FILED 6/15/2018
Judge Manish S. Shah
Magistrate Judge Maria Valdez
Lead Case Number: 18-cv-04171
Tag Along Cases: 1:18-cv-04173;
1:18-cv-04174; 1:18-cv-04175; 1:18-cv-04176 NY

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: CHICAGO BOARD OPTIONS EXCHANGE
VOLATILITY INDEX MANIPULATION ANTITRUST
LITIGATION                                                                               MDL No. 2842

**TRANSFER ORDER**

**Before the Panel**:[*]   Plaintiffs in one action in the Southern District of New York move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York or, alternatively, the Northern District of Illinois.  This litigation currently consists of five actions pending in two districts, as listed on Schedule A.  Since the filing of the motion, the Panel has been notified of 14 related actions.[1]  The actions concern alleged manipulation of a financial indicator known as the Cboe Volatility Index (commonly referred to as the VIX) and VIX-linked financial instruments.  The defendants are unknown John Doe entities, described as financial institutions and firms that trade anonymously on the Cboe exchanges; nine firms identified as participants in the alleged conspiracy;[2] and the Cboe entities,[3] which allegedly established the VIX and oversee markets in VIX-linked futures and options.

Plaintiffs in ten actions pending in the Northern District of Illinois support centralization and request their district.  Plaintiffs in two Southern District of New York actions (*Samuel*[4] and the *Barry*

---

[*]   One or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1]   These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2]   Belvedere Trading, LLC; Citadel Securities LLC; Citigroup Markets Derivatives, Inc.; Citigroup Financial Products, Inc.; Consolidated Trading, LLC; CTC, LLC; DRW Holdings, LLC; IMC Financial Markets LLC; and Wolverine Trading L.P.

[3]   Cboe Global Markets, Inc. (f/k/a CBOE Holdings, Inc.); Cboe Exchange, Inc. (f/k/a Chicago Board Options Exchange, Incorporated); and Cboe Futures Exchange, LLC (f/k/a CBOE Futures Exchange, LLC).

[4]   Plaintiff in *Samuel* filed a brief opposing centralization.  At the Panel hearing, he argued in favor of centralization in the Southern District of New York.

potential tag-along action) support centralization in the Southern District of New York.[5] Plaintiff in one Southern District of New York action (*Quint*) opposes centralization and alternatively requests that district as the transferee forum. The Cboe defendants support centralization and assert that the Northern District of Illinois and Southern District of New York are equally appropriate transferee districts. Defendant DRW Holdings, LLC, supports centralization and has not indicated a preferred district. The other named defendants did not respond to the motion.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share complex factual issues concerning defendants' alleged manipulation of the Cboe Volatility Index and VIX-linked financial instruments.[6] More specifically, plaintiffs allege that financial institutions and trading firms participating anonymously at Cboe-sponsored special auctions in S&P 500 Index options, which determine the pricing of VIX-linked instruments, caused artificial prices to be set for VIX-linked instruments by exploiting alleged weaknesses in the auction system and Cboe failures to act. Additionally, all actions are on behalf of overlapping putative nationwide classes of persons and entities which transacted in VIX-linked financial instruments, and they assert claims under the Sherman Act, the Commodity Exchange Act, or both.[7] Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, plaintiff in *Quint* argues that centralization is premature because the John Doe defendants remain largely unknown, making it difficult to assess whether centralization would serve the convenience of the parties and witnesses and otherwise promote efficiencies. But in our view, sufficient information has been developed since the filing of the motion to decide whether centralization is warranted. There are now 19 pending complaints, which together allege that the key actors in the alleged manipulation are the Cboe entities, and financial institutions and trading firms that trade on the Cboe exchanges, the New York Stock Exchange, and other national exchanges. Nine financial institutions and trading firms have been named to date: Belvedere Trading, LLC; Citadel Securities LLC; Citigroup Markets Derivatives, Inc.; Citigroup Financial Products, Inc.; Consolidated Trading, LLC; CTC, LLC; DRW Holdings, LLC; IMC Financial Markets LLC; and Wolverine Trading L.P.[8] Although plaintiffs anticipate naming additional

---

[5] Plaintiff in *Barry* alternatively requests the Northern District of Illinois.

[6] The involved financial instruments at issue are: VIX futures, VIX options, and VIX exchange-traded products (ETPs) – an umbrella category that includes products such as exchange-traded funds, exchange-traded notes, exchange-traded vehicles, and certain certificates.

[7] Two potential tag-along actions assert claims under federal securities laws.

[8] Additionally, the complaints allege that non-party Goldman Sachs assisted the Cboe in redesigning the VIX in 2003, and they identify Goldman Sachs as a potential discovery target.

-3-

defendants following discovery from Cboe, the current record is sufficient to determine that centralization will serve the purposes of Section 1407.

Plaintiff in *Quint* also argues that alternatives to centralization are practicable because the actions are pending in only two districts.  He suggests that transfers under Section 1404(a), staying the actions in one district, and voluntary coordination all are practicable options.  But the record indicates that Section 1404 transfer motions will involve many parties and be vigorously contested, as will motions to stay the actions in one district.  Additionally, this litigation involves 17 distinct slates of plaintiffs' counsel and at least 10 groups of named defendants – the Cboe entities and nine financial institutions and trading firms.  According to plaintiffs, the number of defendants is likely to increase after discovery of Cboe takes place.  The large number of involved counsel and parties poses an additional obstacle to voluntary coordination.  Additionally, as Cboe points out, voluntary coordination likely will be insufficient to address the risk of inconsistent rulings on overlapping pretrial motions, which are anticipated in all actions.

We conclude that the Northern District of Illinois is an appropriate transferee district for this litigation.  The Cboe defendants have their headquarters in Chicago, and given their alleged role in creating, marketing, and regulating VIX futures and options and conducting the underlying special auctions, much of the common evidence likely will be located there.[9]  The majority of the other defendants named thus far also have their headquarters in Chicago.  Additionally, this district is the first choice of plaintiffs in ten actions and the second choice of plaintiffs in two Southern District of New York actions, and the Cboe defendants agree that it will serve the convenience of all parties.  Thirteen actions are pending in this district, including potential tag-along actions.  Judge Manish S. Shah, to whom we assign this action, is an experienced jurist, who is familiar with the issues raised in this litigation.  We are confident that he will steer this matter on a prudent course.

---

[9] Cboe Global Markets recently moved to quash the *Samuel* plaintiff's document subpoena in the Northern District of Illinois, the alleged district of compliance.  The motion was heard and granted by Judge Manish S. Shah on May 31, 2018.  *See Samuel v. Does*, C.A. No. 18-3190, Minute Entry (N.D. Ill. May 31, 2018).

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Manish S. Shah for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE:  CHICAGO BOARD OPTIONS EXCHANGE
VOLATILITY INDEX MANIPULATION ANTITRUST
LITIGATION                                                                              MDL No. 2842

## SCHEDULE A

Northern District of Illinois

TOMASULO v. CBOE EXCHANGE, INC., ET AL., C.A. No. 1:18-02025

Southern District of New York

| | |
|---|---|
| 18-cv-04173 | SAMUEL v. JOHN DOES, C.A. No. 1:18-01593 |
| 18-cv-04174 | QUINT v. DRW HOLDINGS, LLC, ET AL., C.A. No. 1:18-01980 |
| 18-cv-04175 | MUSSO v. JOHN DOES, C.A. No. 1:18-02269 |
| 18-cv-04176 | ERIC J. LEVY, LIVING TRUST UA DATED 1/21/10, ET AL. v. JOHN DOES, C.A. No. 1:18-02552 |