UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litigation | Case No.: 1:18-cv-04171<br><br>Honorable Manish S. Shah |

**STATEMENT OF PLAINTIFF SPENCER ROLAND BUENO IN RESPONSE TO THE COURT'S JUNE 26, 2018 QUESTIONS REGARDING SCHEDULING AND DISCOVERY ISSUES**

Counsel for the MDL plaintiffs have conferred multiple times, mindful that the Court encouraged joint filings in response to its June 26 Order. *See* MDL Dkt. 4. While plaintiffs appear to agree on many things, a joint submission did not prove possible. Plaintiff Spencer Roland Bueno and his counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), therefore respectfully submit this separate memorandum, stating our position on the issues identified in the Court's Order.

I. <u>**ISSUES REGARDING A LEADERSHIP STRUCTURE TO PROGRESS THE CASES**</u>

***Bueno's PSLRA Application:***  Bueno's application for appointment as lead plaintiff and for approval of lead counsel under the Private Securities Litigation Reform Act ("PSLRA") is unopposed. Pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), the deadline for any competing applications has passed. Thus, by statute, plaintiff Bueno and his counsel are entitled to be appointed lead plaintiff and counsel over any securities law claims that may appear in any case.

That said, Robbins Geller and Quinn Emanuel strongly believe these MDL cases should be prosecuted by a single leadership team, who would put all the claims they deem appropriate into a single consolidated complaint. We are confident the Court will conclude, after all applications have been filed, that Robbins Geller and Quinn Emanuel are the firms best qualified to prosecute the resulting consolidated action. But, should the Court decide otherwise, with the Court's permission, we would be willing to withdraw the portion of our PSLRA application addressing the selection of counsel. That way, the timing of the PSLRA's statutory process would not be any impediment to the Court's adoption of an efficient single-complaint/single leadership team arrangement, which we believe to be in the best interests of the class.

***Consolidation of the Cases:***  We submit that the MDL cases should not be just coordinated; they should be consolidated in the same fashion as many MDL cases that involve overlapping class actions. Failing to do so would result in inefficiency, and even potentially

1

contradictory results. Multiple complaints on behalf of overlapping (if not identical) classes would all be in a race to trial on the same nucleus of facts. Indeed, we believe all MDL plaintiffs agree that the claims at issue should be prosecuted in as few complaints as possible.

***Briefing Schedule on Lead Counsel Appointment:*** Though the MDL plaintiffs agree that some consolidation should take place, they disagree on how many consolidated complaints are actually necessary. We submit that the best path forward is for the Court first to appoint lead counsel, who would then be responsible for creating a single consolidated complaint. We understand that other plaintiffs believe the claims should be separated amongst two or more partially consolidated complaints, each with its own leadership team. This memorandum is not the appropriate vehicle to explain why such a structure is unnecessary and likely being promoted only because the resulting inefficiency would give more plaintiff law firms a role in this litigation.

Rather, we respectfully propose the following process for the Court to resolve these issues:

- Opening submissions of 15 pages or less, filed 14 days after the Court's order. Such submissions would address: (a) organizational issues, such as the number, scope, and reason for each proposed consolidated complaint; (b) which firm(s) should be considered for "lead" over each such complaint or claims therein; and (c) what other firm(s) (if any) are deemed necessary for the proposal to work (*e.g.*, committees, conflicts counsel, discovery coordination, *etc.*).

- Responsive submissions of 10 pages or less, filed 21 days after the Court's order.

- Groups that are working together in support of a structural proposal would be required to make joint submissions on common issues. This will minimize the number of submissions, reduce inefficiencies, and avoid unfair circumvention of the Court's page limitations.

This proposal will put less of a burden on the Court and get the cases moving on the merits more quickly than would a briefing schedule which tried to decide some issues before others. More importantly, all these issues should be briefed together because the so-called

"structural" issues cannot be fairly decided in a vacuum apart from the "leadership" issues. For instance, deciding how many consolidated complaints there should be only begs questions regarding the adequacy and number of counsel responsible for handling each complaint. Requiring briefs to set forth a practical, *all-inclusive* proposal for moving these claims forward will give the Court a greater appreciation of the efficiencies (or inefficiencies) resulting from the number of consolidated complaints it approves. And seeing who is vying for what type of assignment within a given "structure" will also give the Court greater visibility into whether a given proposal is truly being advanced for legitimate reasons (such as efficiency), or instead out of attorney self-interest.

## II.   ISSUES REGARDING RESPONSE DEADLINES

We believe the MDL plaintiffs agree that any responses to the currently filed complaints are unnecessary and that defendants need not respond at least until after the leadership issues are determined.

We also believe the MDL plaintiffs agree that the issuance or prosecution of subpoenas to identify the Doe defendants should proceed expeditiously, but not until after lead counsel has been appointed.[1] Trying to coordinate subpoena negotiations among *all* of the many plaintiff firms currently present in this MDL would be hugely inefficient.

We submit that lead counsel, once appointed, should be tasked with working with the defendants and the subpoena recipients to determine what the new deadlines should be. The result would ideally be presented by way of a joint stipulation for Court approval. That said, we propose generally that the case move forward in the following sequence:

- The Court conducts the leadership appointment process, as set forth above.

---

[1] We are of course mindful of the PLSRA discovery stay issue with respect to Plaintiff Bueno's complaint in particular. But the Court has discretion to lift or modify the stay. *See, e.g.*, *Singer v. Nicor, Inc.*, 2003 U.S. Dist. LEXIS 26189, at *5 (N.D. Ill. Apr. 23, 2003); *In re Baan Co. Sec. Litig.*, 81 F Supp. 2d 75 (D.D.C. 2000).

3

- Lead counsel serves comprehensive "Doe" subpoena(s) shortly thereafter.

- Lead counsel prepares a consolidated class action complaint based on the results of the Doe discovery.

- All defendants then either answer the complaint or move to dismiss.

Such an ordering would ensure efficiency in the plaintiffs' complaint consolidation and amendment process, and in the defendants' motion to dismiss briefing, while allowing sufficient discovery to ensure all necessary parties were early identified and joined to the proceeding.

DATED: July 9, 2018

| **ROBBINS GELLER RUDMAN & DOWD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|---|---|
| By: /s/ Brian O. O'Mara | By: /s/ Jonathan C. Bunge |
| **ROBBINS GELLER RUDMAN & DOWD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| David W. Mitchell (*pro hac vice*) | Jonathan C. Bunge (Il. Bar #6202603) |
| Brian O. O'Mara (*pro hac vice*) | 191 N. Wacker Drive, Suite 2700 |
| Steven M. Jodlowski (*pro hac vice*) | Chicago, Illinois 60606 |
| 655 West Broadway, Suite 1900 | Telephone: (312) 705 7400 |
| San Diego, California 92101 | Fax: (312) 705 7401 |
| Telephone: (619) 231-1058 | jonathanbunge@quinnemanuel.com |
| Fax: (619) 231-7423 | |
| davidm@rgrdlaw.com | Daniel L. Brockett (*pro hac vice*) |
| bomara@rgrdlaw.com | Toby E. Futter (*pro hac vice*) |
| sjodlowski@rgrdlaw.com | David LeRay (*pro hac vice*) |
| | Christopher M. Seck (*pro hac vice*) |
| James E. Barz (Il. Bar # 6255605) | Thomas Popejoy (*pro hac vice*) |
| Frank Richter (Il. Bar # 6310011) | 51 Madison Avenue, 22nd Floor |
| 200 South Wacker Drive, 31st Floor | New York, New York 10010 |
| Chicago, IL 60606 | Telephone: (212) 849-7000 |
| Telephone: (312) 674 4674 | Fax: (212) 849-7100 |
| Fax: (312) 674 4676 | danbrockett@quinnemanuel.com |
| jbarz@rgrdlaw.com | tobyfutter@quinnemanuel.com |
| frichter@rgrdlaw.com | davidleray@quinnemanuel.com |
| | christopherseck@quinnemanuel.com |
| Patrick J. Coughlin (*pro hac vice*) | thomaspopejoy@quinnemanuel.com |
| 30 Vesey Street, Suite 200 | |
| New York, NY 10007 | Jeremy D. Andersen (*pro hac vice*) |
| Telephone: (212) 693-1058 | |
| Fax: (619) 231-7423 | |
| patc@rgrdlaw.com | |

4

| | |
|---|---|
| Jason C. Davis (*pro hac vice*)<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>Telephone:  (415) 288-4545<br>Fax: (415) 288 4534<br>jdavis@rgrdlaw.com | 865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Fax: (213) 443-3100<br>jeremyandersen@quinnemanuel.com |