**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION<br><br>*This Document Relates to All Actions* | Case No. 1:18-cv-04171<br><br>MDL No. 2842<br><br>Honorable Manish S. Shah |

**CBOE DEFENDANTS' MOTION TO DISMISS**

Defendants Cboe Global Markets, Inc., Cboe Futures Exchange LLC, and Cboe Exchange, Inc. (collectively "Cboe"), by their attorneys, respectfully move this Court for an order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing all of the claims against Cboe alleged by Plaintiffs in the Consolidated Class Action Complaint, ECF No. 140 ("Complaint").

As explained in Cboe's Memorandum of Law in Support of this Motion, Plaintiffs' Securities Exchange Act and Rule 10b-5 claims must be dismissed for failure to state a claim because Plaintiffs' claims are barred by absolute immunity, are precluded by the Exchange Act, because Plaintiffs have failed to adequately plead the elements of a Rule 10b-5 claim, and because Plaintiffs have not shown Article III standing.

Plaintiffs' Commodities Exchange Act ("CEA") claims also must be dismissed because Plaintiffs have failed to adequately plead the elements of a claim. In particular, without limitation, Plaintiffs have failed to plead a specific instance in which an SRO failed to enforce a rule; failed to plead an ulterior bad-faith motive; and failed to plead causation of actual injury to a person resulting from that person's transaction on the exchange. To the extent Plaintiffs attempt to plead an aiding-and-abetting claim against Cboe, no private right of action is available against Cboe

Futures Exchange, and Plaintiffs do not otherwise state a claim because, among other things, they fail to plead that any Cboe defendant actually intended or desired to further any manipulation.

Plaintiffs' state-law negligence claim must be dismissed because that claim is preempted, barred by absolute immunity, and because Plaintiffs have not alleged the necessary elements of such a claim.

Finally, all of Plaintiffs claims against Cboe must be dismissed for failure to state a claim because Plaintiffs have not adequately alleged with particularity the alleged underlying manipulation by third parties.

WHEREFORE, for the reasons set forth herein and in Cboe's Memorandum of Law in Support of Cboe Defendants' Motion to Dismiss filed herewith, Cboe respectfully requests that this Court dismiss all of Plaintiffs' claims against Cboe and grant Cboe any additional and further relief as the Court deems appropriate.

Dated: November 19, 2018

Respectfully submitted,

/s/ Reid J. Schar

Reid J. Schar
Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
rschar@jenner.com
gboyle@jenner.com

*Counsel for Cboe Global Markets, Inc., Cboe Futures Exchange LLC, and Cboe Exchange, Inc.*

2

## **CERTIFICATE OF SERVICE**

I, Reid J. Schar, hereby certify that on November 19, 2018, I electronically filed the forgoing **Cboe Defendants' Motion to Dismi**ss using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of Record.

/s/ Reid J. Schar

*Counsel for Cboe Global Markets, Inc., Cboe Futures Exchange LLC, and Cboe Exchange, Inc.*