**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | Case No. 1:18-cv-04171<br><br>MDL No. 2842<br><br>Honorable Manish S. Shah |

**MOTION TO REASSIGN A RELATED MATTER**

Defendants Cboe Global Markets, Inc.; Cboe Futures Exchange, LLC; and Cboe Exchange, Inc. (collectively, "Cboe") respectfully request entry of an order reassigning the recently filed *LJM Partners, Ltd. v. John Does*, No. 1:19-cv-00368 (N.D. Ill.) ("*LJM Partners*"), to the calendar of this Court pursuant to Local Rule 40.4, because *LJM Partners* is related to the above-captioned case, *In re Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litigation*, No. 1:18-cv-04171 (N.D. Ill.).

**BACKGROUND**

Between February and July 2018, 26 cases were filed in this Court and in the Southern District of New York alleging manipulation of the Cboe Volatility Index ("VIX"), manipulation of the settlement process for VIX derivatives traded at Cboe entities, and manipulation of other volatility-related financial products. The United States Judicial Panel on Multidistrict Litigation ordered the cases centralized in the Northern District of Illinois in June 2018 (Dkt. 1), and a consolidated complaint was filed on September 28, 2018 (Dkt. 140). The consolidated complaint asserts, among other things, claims against both Cboe and John Doe Defendants for alleged violations of the Commodity Exchange Act ("CEA"). Briefing on Cboe's Motion to Dismiss will

1

be completed later this month. (Dkt. 162.) Although Plaintiffs moved for expedited discovery, the Court denied that motion on January 13, 2019. (Dkt. 196.)

*LJM Partners* was filed January 18, 2019. (*See* Ex. A.) *LJM Partners* is substantially similar to this action—it asserts a claim under the CEA that the VIX was manipulated by John Does through their market activity in the underlying SPX Options. (*Id.*) The similarity of the complaints should not be surprising in light of the fact that counsel for LJM Partners is Korein Tillery LLC, who brought two of the initial 26 actions, *Tomasulo v. Cboe Exchange, Inc., et al.*, No. 1:18-cv-02025 (N.D. Ill.); and *Breakwater Trading LLC v. Cboe Exchange, Inc., et al.*, No. 1:18-cv-05023 (N.D. Ill.).

On January 25, 2019, the undersigned counsel conferred with counsel for LJM Partners, who advised that they do not consent to the relief requested in this motion.

**ARGUMENT**

To conserve judicial and party time and effort, *LJM Partners* should be reassigned to this Court as an action related to the above-referenced action.

Under Local Rule 40.4(a), two civil cases are related if one or more of the following conditions are met:

> (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.

N.D. Ill. R. 40.4(a). Local Rule 40.4(b) provides that if two cases are related, as defined by Local Rule 40.4(a), the later-filed action may be reassigned to the judge presiding over the lower-numbered docket if the following conditions are met:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as

> related would be likely to delay the proceedings in the earlier case substantially; and
> (4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. R. 40.4(b). The conditions of Local Rule 40.4 are met here.

**I.  The Actions Are Related**

*LJM Partners* is related to the above-captioned action. N.D. Ill. R. 40.4(a). The *LJM Partners* complaint is substantially similar to the complaint in this action—both assert claims that John Does took manipulative actions in the SPX Options market underlying the VIX. Both complaints even support their allegations with the same purported evidence of vulnerability to manipulation, including, for example: the same 2017 research paper authored by Professor John Griffin (the "Griffin Paper") (*compare* Ex. A ¶¶ 84–89 *with* Dkt. 140 ¶¶ 88–89), the same statements made by individuals (*compare, e.g.*, Ex. A ¶ 100 *with* Dkt. 140 ¶ 178), and the same enforcement actions undertaken by Cboe (*compare* Ex. A ¶¶ 106–08 *with* Dkt. 140 ¶¶ 174–76). Certain of the figures and diagrams even appear to be copied directly from one complaint to the other. (*Compare* Ex. A ¶ 68 *with* Dkt. 140 ¶ 52.)

Further, both cases involve John Doe Defendants alleged to be manipulators in the SPX Options market, and a request for damages and other relief under the CEA. (*See* Ex. A ¶¶ 176–81; Dkt. 140 ¶¶ 253–62.) And just as Plaintiffs here have requested John Doe discovery from Cboe (*see* Dkt. 164), LJM Partners indicated in its Complaint that it intended to seek the same (*see* Ex. A ¶ 15). Indeed, on January 24, 2019, LJM Partners filed a motion seeking expedited discovery, which it has noticed for January 30. (*See* Ex. B.) LJM Partners's requests are strikingly similar to the requests Plaintiffs have made in this action. LJM Partners's requests closely track Plaintiffs' first, second, third, and seventh requests, swapping out references to "VIX Settlement Days" with references to the "VIX Index Calculation." (*Compare* Dkt. 164-1 *with* Ex. B). Nor

are LJM Partners' requests confined to February 5–6; instead they seek trading data across an approximately two-week period.

The extensive overlap between the two cases satisfies both the second (overlapping "issues") and third (overlapping "transactions or occurrences") prongs of Local Rule 40.4(a). *See Helferich Patent Licensing, L.L.C. v. N.Y. Times Co.*, No. 1:10-cv-04387, 2012 WL 1368193, at *2 (N.D. Ill. Apr. 19, 2012) (concluding that two patent infringement actions alleging "nearly identical . . . infringing conduct" were related); *Glob. Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008) (holding that actions against different defendants were related because they "share[d] a factual foundation").

LJM Partners might argue that the cases are not related because of certain differences in the allegations, but that would be wrong. First, although *LJM Partners* focuses its allegations on alleged manipulative conduct on two particular trading days, February 5–6, 2018, LJM Partners's complaint is not limited to those days, also alleging that "this manipulation had been done on numerous occasions . . . prior to February 5, 2018." (Ex. A ¶ 114). Second, although LJM Partners alleges intraday VIX manipulation (rather than manipulation on SOQ settlement days), the alleged misconduct in both cases is purported manipulation by John Does in the same SPX Options market for the same alleged reason—to benefit the John Does' positions in other VIX derivatives. (*See, e.g.*, Ex. A ¶ 12; Dkt. 140 ¶ 73.) Moreover, LJM Partners seeks to support its claim using the same evidence of alleged *settlement* manipulation used by Plaintiffs here (*see, e.g.*, Ex. A ¶ 86 (citing the Griffin Paper)), further illustrating that the actions will turn on the same factual issues. Third, LJM Partners suggests in its motion for expedited discovery that these cases are not related because it alleges damages resulting from losses relating to options on SPX Futures, whereas Plaintiffs here allege they suffered losses arising from positions in VIX Options, VIX Futures, SPX Options, or

4

VIX ETPs. (*See* Ex. B at 3 n.1.) But this is not a meaningful distinction for a relatedness analysis given the numerous substantially similar factual and legal issues among the cases. "Local Rule 40.4(a) does not require exact congruence in facts and issues between two cases in order for them to be related; rather, it simply requires that the two cases share '*some of the same* issues of facts or law.'" *Helferich*, 2012 WL 1368193, at *2.

## II. *LJM Partners* Should Be Reassigned to Judge Shah

The actions also satisfy the four conditions for reassignment of related actions. N.D. Ill. R. 40.4(b). *First*, both cases are pending in the Northern District of Illinois. *See* N.D. Ill. R. 40.4(b)(1).

*Second*, the reassignment of *LJM Partners* would save substantial judicial time and effort. *See* N.D. Ill. R. 40.4(b)(2). Given the overlapping putative defendants, allegations concerning purported facts showing alleged susceptibility to manipulation, legal claims, and relief, as well as the factually complex subject matter, "[i]t would be a waste of limited judicial resources to require two judges to expend the time and effort necessary to understand the [legal and] factual issues involved in both cases when it could simply be handled by one judge." *Helferich*, 2012 WL 1368193, at *3. In addition, "reassigning the cases to the same judge would avoid potentially inconsistent or conflicting rulings with regard to the common claims arising in each case." *Id.* For example, reassigning *LJM Partners* would mitigate the risk that expedited John Doe discovery would be ordered in one case but not another. (*See* Dkt. 196, denying Plaintiffs' motion for expedited John Doe discovery.) In addition, even if discovery were eventually to be ordered, reassigning *LJM Partners* would ensure consistent rulings on any objections Cboe raises to the substance, scope, and burden of what are substantially similar discovery requests. Beyond

discovery, reassignment would avoid the risk of inconsistent rulings on the merits of whether alleged conduct in the SPX options market constitutes manipulation.

*Third*, the above-captioned action has not progressed to the point where designating *LJM Partners* as related would "delay the proceedings in the earlier case substantially." *See* N.D. Ill. R. 40.4(b)(3). The parties to the above-captioned action are currently briefing Cboe's Motion to Dismiss, with briefing scheduled to be complete by January 28, 2019. (Dkt. 162.) Discovery has not yet commenced.

Finally, the cases are susceptible of disposition in a single proceeding. *See* N.D. Ill. R. 40.4(b)(4). This condition "does not require that the cases be completely identical to permit reassignment." *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at *5 (N.D. Ill. Feb. 15, 2011). Rather, the actions should "involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings." *Helferich*, 2012 WL 1368193, at *3 (quoting *Pactiv*, 2011 WL 686813, at *5). Here, the two actions involve substantially similar allegations, certain identical legal claims, and overlapping parties and seek the same monetary relief for the same alleged conduct: alleged manipulative conduct in the SPX Options market by John Does. Resolving these issues in one action will resolve them in the other.

## CONCLUSION

The *LJM Partners* and above-captioned actions satisfy two separate measures of relatedness under Local Rule 40.4(a) and easily meet the efficiency requirements imposed by Local Rule 40.4(b). Cboe respectfully requests that *LJM Partners, Ltd. v. John Does*, No. 1:19-cv-00368 (N.D. Ill.), be reassigned to this Court and a status conference be set.

Dated: January 25, 2019                          Respectfully submitted,

                                                            /s/ Gregory M. Boyle

        Reid J. Schar
        Gregory M. Boyle
        JENNER & BLOCK LLP
        353 N. Clark Street
        Chicago, IL 60654-3456
        (312) 222-9350
        rschar@jenner.com
        gboyle@jenner.com

*Counsel for Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Cboe Exchange, Inc.*

## **CERTIFICATE OF SERVICE**

I, Gregory M. Boyle, hereby certify that on January 25, 2019, I electronically filed the foregoing using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of record.

/s/ Gregory M. Boyle

*Counsel for Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Cboe Exchange, Inc.*