**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | Case No. 1:18-cv-04171<br><br>MDL No. 2842<br><br>Honorable Manish S. Shah |
| --- | --- |

# CBOE'S RESPONSE TO FEBRUARY 12, 2019 ORDER

Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Cboe Exchange, Inc. (collectively "Cboe") respectfully submit this response to the February 12, 2019 order seeking "position papers regarding whether and how case no. 19-cv-00368, LJM Partners, Ltd. v. Does, and any other potential similar actions that may be filed, should be coordinated with this MDL." (ECF No. 210.) Cboe supports including *LJM Partners Ltd. v. Does*, No. 1:19-cv-00368 (N.D. Ill.) ("*LJM Partners*"), and similar cases that might arise, in this multi-district litigation ("MDL"). As discussed in Section II, Cboe notes that there are several appropriate options for coordination or consolidation available to this Court, though Cboe takes no position as to what form of coordination or consolidation this Court should employ here.

## I. *LJM Partners* Should Be Included as Part of This MDL.

*LJM Partners* and the MDL involve common questions of fact, and including *LJM Partners* in the MDL would promote the just and efficient conduct of the actions including the convenience of the parties and witnesses.

Whether to designate *LJM Partners* as part of this MDL is soundly within the authority of this Court. The Judicial Panel on Multidistrict Litigation ("JPML") agreed, acknowledging Cboe's notice that *LJM Partners* was a potential tag-along action and noting that "[b]ecause the actions

listed originated in the transferee district, no further action by the Panel is required." (Notice to Counsel, *In re Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litig.*, MDL No. 2842 (J.P.M.L. Feb. 1, 2019), ECF No. 108.) *See* J.P.M.L. R. 7.2(a) ("Potential tag-along actions filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules.").

Although the JPML rules provide no specific instruction regarding how a district court should analyze whether to designate a tag-along action filed in the transferee district, a district court may employ the same criteria analyzed by the JPML. *See In re Tobacco/Governmental Health Care Costs Litig.*, 76 F. Supp. 2d 5, 8 (D.D.C. 1999) (applying § 1407(a) criteria); *c.f.* N.D. Ill. L.R. 40.3(b)(6)(B) (providing that the judge assigned to the MDL is to consider the Rules of Procedure of the JPML when deciding whether potential tag-along cases filed in the Northern District should be transferred to the Executive Committee for reassignment). Under those criteria, the relevant inquiry is: (1) whether the actions involve one or more common questions of fact; (2) whether consolidation or coordination would serve the convenience of the parties and witnesses; and (3) whether consolidation or coordination would promote the just and efficient conduct of the actions. 28 U.S.C. § 1407(a).[1] Each of these elements is met here.

---

[1] Federal Rule of Civil Procedure 42(a)(2), which provides the general standard for consolidating actions, is a very low threshold; consolidation is permitted if two cases involve even one common question of law or fact. Fed. R. Civ. P. 42(a)(2) (permitting consolidation if two actions involve "*a* common question of law or fact" (emphasis added)). Thus, to the extent Rule 42 applies here, it is easily met for the same reasons that "the action raises common questions of fact" under the JPML standard. *See infra* Part I.A; *see also Unified Messaging Sols., LLC v. United Online, Inc.*, No. 13 C 00343, 2013 WL 1874211, at *4 (N.D. Ill. May 3, 2013) ("The JPML's finding of common questions of fact [is] sufficient to satisfy Rule 42.").

A. The Actions Involve Common Questions of Fact.

*LJM Partners* involves questions of fact common to this action. This Court has already made this finding, holding that "[t]here is sufficient overlap in the factual allegations to enable more efficient administration of the cases if supervised by a single judge." (*See* ECF No. 207 (granting motion to reassign *LJM Partners* to this docket); *accord* No. 1:19-cv-00368, 2/12/19 Hearing Tr. at 8:1–2 ("[T]here is significant overlap factually between [the *LJM Partners*] complaint and the pending MDL.").)[2]

This Court's finding is correct because both the MDL action and *LJM Partners* assert a claim under the Commodity Exchange Act ("CEA") alleging that the John Doe defendants engaged in manipulation through their market activity with respect to SPX Options. Specifically, both actions allege that the Does' purported manipulation involved actions with out-of-the-money SPX options that were intended to benefit the Does' positions in other VIX derivatives or volatility products. (*Compare* ECF No. 140 ("MDL Compl.") ¶¶ 74, 76, 80, *with* No. 1:19-cv-000368, ECF No. 1 ("LJM Compl.") ¶ 12.) Both complaints argue that the same *types* of purported manipulation—for instance, purported gaming of the two non-zero bid rule—were employed, whether to manipulate the value of the market index known as the VIX or the settlement value for VIX derivatives known as the SOQ. (*Compare* MDL Compl. ¶¶ 81–87, *with* LJM Compl. ¶ 85.) And each action alleges that indicia of purported manipulation include differences among various values, such as the SOQ settlement value, the VIX value at the prior day's close, and the VIX value following the SOQ. (*Compare* MDL Compl. ¶¶ 121–24, *with* LJM Compl. ¶ 90.)

[2] That this Court left open the question of whether *LJM Partners* and this action were "susceptible to disposition in a single proceeding under Local Rule 40.4(b)(4)" is not relevant to including *LJM Partners* in this MDL. (*See* ECF No. 207.) As explained above, the inquiry for MDL inclusion requires only that consolidation would promote the just and efficient conduct of the litigation.

MDL Plaintiffs and LJM Partners also support their allegations with the same purported evidence of alleged vulnerability to manipulation, including the same 2017 research paper authored by Professor John Griffin (*compare* MDL Compl. ¶¶ 88–89, *with* LJM Compl. ¶¶ 84–89), the same statements made by individuals (*compare*, *e.g.*, MDL Compl. ¶¶ 9, 74, 178, *with* LJM Compl. ¶¶ 100–03), and the same enforcement actions undertaken by Cboe (*compare* MDL Compl. ¶¶ 174–76, *with* LJM Compl. ¶¶ 106–08). Certain figures and diagrams in the *LJM Partners* complaint are nearly identical to those in the MDL Consolidated Class Action Complaint. (*Compare* MDL Compl. ¶ 52, *with* LJM Compl. ¶ 68.).

Thus, to determine whether the plaintiffs in each case have adequately alleged or proven purported manipulation by the Does under the CEA, this Court will be required to determine whether the overlapping allegations and evidence show manipulation. That there are some differences between the allegations in the two complaints does not negate the notion that common issues of fact exist which support including *LJM Partners* in the MDL. It is clear that MDL Plaintiffs' asserting additional claims is not an impediment to inclusion of *LJM Partners* in this MDL: "Where actions share factual questions, the Panel has long held that the presence of disparate legal theories is no reason to deny transfer." *In re MF Glob. Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (consolidating cases bringing claims under securities laws with cases bringing CEA claims).

Nor is the existence of different factual allegations between the actions a barrier to including *LJM Partners* in the MDL. Two actions need not be factually identical or have a complete identity of parties to be properly included in an MDL, as long as they share a common factual core. *See In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754, 2017 WL 6569794, at *2 (J.P.M.L. May 30, 2017) ("[T]ransfer does not require a complete identity of parties or factual

issues when, as here, the actions arise from a common factual core."); *see also In re MF Glob.*, 857 F. Supp. 2d at 1380. Thus, inclusion in the MDL is appropriate regardless of the fact that the MDL Plaintiffs focus on the effect of alleged manipulation on the SOQ (MDL complaint at, *e.g.*, ¶ 73) and LJM Partners focuses on the effect of alleged manipulation on the intraday VIX value (LJM Complaint at, *e.g.*, ¶ 13)—or that LJM Partners's alleged damages arise from a different product (*see* LJM Compl. ¶ 20). Nor does it matter that Cboe is not named as a defendant in the *LJM Partners* complaint. *See In re Eliquis*, 2017 WL 6569794, at *2. Because there is a common factual core, *LJM Partners* should be included in the MDL.

B. Designating *LJM Partners* as Part of this MDL Would Promote "the Convenience of Parties and Witnesses" and "the Just and Efficient Conduct of Such Actions."

Section 1407 "aims to 'eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 903 (2015) (quoting Manual for Complex Litigation § 20.131, p. 220 (4th ed. 2004)). Designating *LJM Partners* as part of this MDL would best serve those aims.

In particular, including *LJM Partners* in the MDL would streamline discovery, should it become necessary. MDL Plaintiffs and LJM Partners have already requested strikingly similar expedited discovery. (*Compare* ECF No. 164-1, *with* No. 1:19-cv-000368, ECF No. 7-1 (closely tracking MDL Plaintiffs' proposed discovery requests 1, 2, 3, and 7).) Combining the cases would allow this Court to continue to render single rulings on requests to initiate discovery, and if discovery proceeds, would eliminate duplicative discovery, reduce Cboe's burden, and avoid duplication of this Court's effort in ruling on discovery issues, including any objections Cboe raises to the substance, scope, and burden of discovery requests. Further, to the extent the parties would eventually seek to depose Cboe witnesses, or overlapping Doe witnesses should they exist,

inclusion in the same MDL would avoid the prospect of multiple depositions for each witness. Indeed, the JPML has explained that one of the underlying purposes of multi-district litigation is to coordinate deposition discovery. *In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig. (No. II)*, 289 F. Supp. 3d 1335, 1337 (J.P.M.L. 2018).

Failure to combine these actions, in contrast, could allow discovery to proceed on two very different tracks. On its face, *LJM Partners* appears to be subject to the Northern District of Illinois's Mandatory Initial Discovery Pilot Project, from which MDL proceedings are excepted. Moreover, in the MDL, discovery currently is stayed under the Private Securities Litigation Reform Act ("PSLRA"). (*See, e.g.*, ECF No. 196.) Designating *LJM Partners* as part of this MDL would avoid two disparate discovery tracks and allow discovery to proceed in an efficient, coordinated manner.

Further, as explained above, these actions involve the same set of issues—centering on whether or not the Does engaged in purported manipulation through market activity in SPX options. Combining these actions would avoid duplicative merits briefing of those issues, and generally conserve judicial and party resources.[3]

Because the actions involve common questions of fact, and because coordinating the cases would be convenient to the parties and witnesses and promote the just and efficient conduct of the actions, *LJM Partners* should be included as part of this MDL.

[3] Including *LJM Partners* in this MDL need not disrupt or delay this Court's consideration of Cboe's pending motion to dismiss. (*See* ECF No. 184.) That motion seeks only to dismiss the claims against Cboe, and Cboe is not a named defendant in *LJM Partners*.

## II. While Cboe Takes No Position, Various Appropriate Options for the Form of Coordination or Consolidation Are Available to This Court Once *LJM Partners* is Included in the MDL.

Section 1407 authorizes transfer of MDL actions "for coordinated *or* consolidated pretrial proceedings." 28 U.S.C. § 1407(a) (emphasis added). "Clearly the term 'coordinated' and the term 'consolidated' denote different judicial functions . . ." and "[w]hether and to what extent the pretrial procedures in the transferred actions will be coordinated or consolidated is the function of the transferee judge." *In re S. Cent. States Bakery Prod. Antitrust Litig.*, 433 F. Supp. 1127, 1130 (J.P.M.L. 1977). Thus, this Court has at its disposal two general options for including *LJM Partners* in the MDL: to "consolidate" *LJM Partners* into the current MDL action, or to allow the actions to proceed separately in a "coordinated" fashion—*i.e.* with common deadlines and discovery, and with an overarching case management structure. Cboe takes no position as to what form of coordination or consolidation is most appropriate here, but notes that this Court has a number of options available under applicable authority.

The Manual for Complex Litigation provides some limited guidance regarding later-filed MDL actions, noting that "it is advisable to order that (1) tag-along actions . . . be automatically made part of the centralized proceedings upon transfer to, or filing in, the transferee court; (2) rulings on common issues . . . be deemed to have been made in the tag-along action without the need for separate motions and orders; and (3) discovery already taken . . . be available and useable in the tag-along cases." Manual for Complex Litigation § 20.132, p. 222–23 (4th ed. 2004). Generally, however, "[a] district court [is] afforded 'broad discretion to administer the [MDL] proceeding as a whole,' because 'multidistrict litigation is a special breed of litigation where the whole is bigger than the sum of its parts." *In re General Motors LLC Ignition Switch Litigation*, No. 14-MC-2543 JMF, 2015 WL 3619584, at *6 (S.D.N.Y. June 10, 2015). And "[l]ike snowflakes, no two MDLs are exactly alike." *Id.* at *8.

Given their broad discretion, courts have approached complaints filed post-consolidation in a variety of ways. For instance, in *In re General Motors*, the court required consolidation, ordering that lead counsel would have an opportunity to amend the MDL's consolidated complaints to incorporate later-filed claims, and that any claims that were not incorporated would be dismissed without prejudice. *Id.* at *15. In particular, the court provided:

> With respect to claims transferred to or filed in [the MDL] after the filing of [the] Consolidated Complaints, Lead Counsel shall have 60 days following transfer or filing to seek leave to amend the Consolidated Complaints, for good cause shown, to address any factual matter, claims and/or defendant(s) raised for the first time in such pleadings. If Lead Counsel do not seek leave to amend the Consolidated Complaints within the 60-day period, or if the requested amendment is denied by the Court, then any allegations, claims, and defendant(s) not included in the . . . Consolidated Complaints shall be dismissed without prejudice . . . unless such plaintiff . . . sustains an objection to dismissal. . . .

*Id.* For any dismissed complaints, the court tolled the statute of limitations until 30 days after the court decided Lead Counsel's motion for class certification. *Id.* at *16. If this Court elected to employ a similar approach, lead counsel here would be allowed to determine whether or not the Consolidated Class Action Complaint should be amended to encompass LJM Partners's claim.

In *Deangelis v. Corzine*, by contrast, the court allowed a later-filed action to proceed in a separate but coordinated manner. 286 F.R.D. 220, 225 (S.D.N.Y. 2012). A plaintiff who had brought an individual action, including several unique causes of action, was allowed to proceed separately from the MDL because of its "significant interest in retaining control over its individual action." *Id.* But the court ordered class-action plaintiffs to "integrate [the individual plaintiff's counsel] into the leadership structure in a manner to reduce duplicative labor and most efficiently share information and costs," to ensure that there would be "efficient and coordinated administration of the putative commodities class action and [the] individual action." *Id.* at 226. This Court could elect to keep *LJM Partners* separate from the consolidated action but require lead

counsel and counsel for LJM Partners to work together to coordinate deadlines, briefing schedules, and, if necessary, discovery.

Cboe takes no position on whether one of the two approaches described above—or any other particular method of coordination or consolidation—is most suitable here. Cboe believes that its interest in avoiding duplication of effort, ensuring consistent rulings, and in generally conserving judicial and party resources, can be met by designating *LJM Partners* as part of the MDL, regardless of the precise manner in which this Court elects to coordinate or consolidate the actions.

Dated: February 26, 2019

Respectfully submitted,

/s/ Reid J. Schar

Reid J. Schar
Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
rschar@jenner.com
gboyle@jenner.com

*Counsel for Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Cboe Exchange, Inc.*

**CERTIFICATE OF SERVICE**

I, Reid J. Schar, hereby certify that on February 26, 2019, I electronically filed the foregoing using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of record.

/s/ Reid J. Schar

*Counsel for Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Cboe Exchange, Inc.*