# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
     **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
     **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
          **(i)** is a party or a party's officer; or
          **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
     **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
     **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
     **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
     **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
          **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
          **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
     **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
          **(i)** fails to allow a reasonable time to comply;
          **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
          **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
          **(iv)** subjects a person to undue burden.
     **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
           **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
          **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
          **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
     **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
     **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
     **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
     **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
          **(i)** expressly make the claim; and
          **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
# DEFINITIONS

1.  "Action" refers to *In Re: Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litigation*, Case No. 1:18-cv-04171.

2.  "Requests" refer to the six document requests, outlined below.

3.  "Actual Quote" means any quote transmitted to CBOE that is intended to provide the specific price and volume at which the transmitting Party is willing to trade an SPX Option. The timeframe for transmission of any Actual Quote is approximately 8:30 a.m. CT through 3:15 p.m. C.T.; "Indicative Quote" means any quote transmitted to CBOE that is intended to provide an indication of an opening price for any SPX Option considered in the SOQ. The timeframe for transmission of any Indicative Quote is approximately 7:30 a.m. C.T. through to completion of the SOQ.

4.  "CBOE" means Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Chicago Board Options Exchange, Inc. (now known as Cboe Exchange, Inc.), and all foreign and domestic subsidiaries, divisions, subdivisions, offices, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, attorneys, accountants, and advisors thereof, and any other Persons acting or purporting to act on their behalf.

5.  "COE" means the CBOE Options Exchange.

6.  "CFE" means the CBOE Futures Exchange.

7.  "Class Period" means the period from March 26, 2004 to the present in the case of VIX Futures and SPX Options, and from February 24, 2006 to the present in the case of VIX Options.

8.  "Document" shall be defined to be synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Federal Rule of Civil

Procedure 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

9. "Electronically-Stored Information" or "ESI" includes the following:

(a) all items covered by Fed. R. Civ. P. 34(a)(1)(A);
(b) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.);
(c) files, information, or data saved on backup tapes or hard drives;
(d) internal or external web sites; and
(e) output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; activity listings of electronic mail receipts and transmittals; and all items stored on computer memories, hard disks, floppy disks, CD, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, including personal digital assistants (e.g., iPhone, iPad), hand-held wireless devices (e.g., BlackBerry) or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

10. "HOSS" means the hybrid opening system procedures that CBOE uses to facilitate a single-price open for each constituent SPX series as part of the SOQ and/or determining the VIX Settlement Price.

11. "Person" or "Persons" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

12. "Party" or "Parties" means any Person or Persons who participate in a trade, either on the buy or sell side, or any Person or Persons who disseminate either an Indicative Quote or an Actual Quote, and includes both any brokers or agents placing trades on behalf of a third party, and the third party themselves.

13. "SOQ" means CBOE's "Special Opening Quotation" of the VIX Index.

14. "SPX Option" means an S&P 500 Index option contact listed for trading on the COE, including such contracts as listed on a monthly, weekly, and AM or PM-settled basis.

15. "Strategy Order" shall have the meaning provided in CBOE Options Rule 6.2.01(a), as updated October 18, 2018.

16. "Time" means the time of day, as expressed in hours, minutes, and seconds.

17. "Two Zero-Bid Rule" means the methodology which truncates the SPX Options series used to calculate the VIX Index after encountering two consecutive series having "zero-bid" prices, even if further out-of-the-money series have "non-zero" bids.

18. "VIX Index" means the financial benchmark designed to be an up-to-the-minute market estimate of expected volatility of the S&P 500 Index, and calculated using the midpoint of real-time SPX Option bid/ask quotes.

19. "VIX Future" means a VIX-linked futures contract that trades on the CFE; "Expiring VIX Future" means a VIX Futures due to expire on a given VIX Settlement Day.

20. "VIX Option" means a VIX-linked option contract that trades on the COE; "Expiring VIX Option" means a VIX Option due to expire on a given VIX Settlement Day.

21. "VIX Settlement Day" means any day on which a VIX Settlement Price is calculated.

22. "VIX Settlement Price" means the final settlement value for VIX Futures and VIX Options as determined on the morning of their expiration date through an SOQ of the VIX Index using the opening prices of a portfolio of SPX Options that expire 30 days later.

23. "You" or "Your" means CBOE, the recipient of this subpoena requesting the production of Documents.

3

**INSTRUCTIONS**

1. In responding to these Requests in this Action, You shall produce all responsive Documents which are in Your possession, custody, or control, or in the possession, custody, or control of Your agents, employees, attorneys, accountants, or other representatives, including all ESI and Documents on Your electronic backup tapes or hard-drives. A Document shall be deemed to be within Your control if You have the right or practical ability to secure the Document or a copy of the Document from another Person or entity having possession or custody of the Document.

2. You are to produce for inspection and copying by Plaintiff original Documents as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimile thereof, or, with respect to ESI, in either TIFF or TIFF along with native format, as explained in more detail below. If the original Document is not in Your custody, then You are to produce a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason including the making of notes thereon.

3. All Documents responsive to these Document Requests shall be produced with all metadata contained within such Documents in the usual course of business.

   (a) ESI should not be produced in a form that removes or degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.
   (b) ESI should not be produced without first discussing production formatting issues with Plaintiffs' Counsel. If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost You claim is associated with the search or production of such ESI.

4. These Requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives or diskettes, including any word processing or spread sheet programs or electronic mail systems, or in any form of

electronic or computer-related storage, whether or not You currently have "hard copy" printouts of the same.

5. If a Document responsive to these Requests was at any time in Your possession, custody, or control, but is no longer available for production, as to each such Document, state the following information:

    (a) whether the Document is missing or lost;
    (b) whether it has been destroyed;
    (c) whether the Document has been transferred or delivered to another person and, if so, at whose request;
    (d) whether the Document has been otherwise disposed of; and
    (e) a precise statement of the circumstances surrounding the disposition of the Document and the date of its disposition.

6. If You claim:

    (a) any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not producing any requested Document, please furnish a list identifying each Document for which the privilege or other objection is claimed and set forth the basis for your claims. If a portion of any Document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such Document must be produced with the portion You claim to be privileged redacted. Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full.
    (b) any ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to produce responsive Documents, but there shall be set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.
    (c) that a Request is in some way "burdensome" or "oppressive," please state the specific reason for that objection.

7. These Requests are continuing requests, and You are required to supplement Your answers with any new or newly discovered materials responsive to these Requests in accordance with Rule 26(e) of the Federal Rules of Civil Procedure for the duration of this Action.

5

**DOCUMENTS REQUESTED**

1. Documents sufficient to identify all trades of SPX Options that were included in the SOQ on any VIX Settlement Day during the Class Period, or which were otherwise used to determine any VIX Settlement Price during the Class Period, including—without limitation—sufficient to identify the (i) Parties; (ii) trade direction (buy or sell); (iii) trade price; (iv) strike price; (v) volume; (vi) trade date and settlement date; (vii) Time; (viii) option type (call/put); (ix) unique ID in respect of each trade; and (x) whether the trades were part of a Strategy Order.

2. Documents sufficient to identify all Indicative Quotes or Actual Quotes for SPX Options that were included in the SOQ on any VIX Settlement Day during the Class Period, or which were otherwise used to determine any VIX Settlement Price during the Class Period, including—without limitation—sufficient to identify the (i) Parties; (ii) bid or ask status; (iii) bid or ask price and volume; (iv) strike price; (v) trade date and settlement date; (vi) Time; (vii) option type (call/put); (viii) unique ID in respect of each quote; (ix) whether the quote was executed as a trade; and (x) whether the quote was an Indicative Quote or an Actual Quote.

3. Documents sufficient to identify all trades or Indicative Quotes or Actual Quotes for SPX Options that were considered for inclusion but ultimately not included in the SOQ on any VIX Settlement Day during the Class Period, whether the reason for non-inclusion was due to application of the Two Zero-Bid Rule or otherwise, including—without limitation—sufficient to identify all data listed in parts (i)-(x) of Requests 1 and 2, as applicable to trades and quotes respectively.

4. Documents sufficient to identify all trades of SPX Options that occurred on any VIX Settlement Day during the Class Period between: (1) the time that the VIX Settlement Price was determined on that day, and (2) 9:30 a.m. CT on that day, including—without limitation—sufficient to identify all data listed in parts (i)-(x) of Request 1.

5. Documents sufficient to identify all Indicative Quotes or Actual Quotes for SPX Options that occurred on any VIX Settlement Day during the Class Period between: (1) the time the VIX Settlement Price was determined on that day, and (2) 9:30 a.m. CT on that day, including—without limitation—sufficient to identify all data listed in parts (i)-(x) of Request 2.

6. Documents sufficient to identify, for any Persons identified in response to Requests 1, 2 and 3 above, those Persons' outstanding positions in respect of Expiring VIX Options and Expiring VIX Futures at the close of the business day before each VIX Settlement Day during the Class Period, including—without limitation—sufficient to identify for each position the (i) size; (ii) direction; (iii) strike price and whether a put/call (for Expiring VIX Options); and (iv) initial price (for Expiring VIX Futures).