**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION<br><br>and<br><br>LJM PARTNERS, LTD., and TWO ROADS SHARED TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES, et al.,<br><br>Defendants. | No. 18 CV 4171<br>MDL No. 2842<br><br>and<br><br>No. 19 CV 368<br>No. 20 CV 831<br><br>Judge Manish S. Shah |

**ORDER**

Plaintiffs' motion for entry of partial final judgment under Federal Rule of Civil Procedure 54(b) in 18-cv-04171 [290] is granted. Enter Partial Final Judgment. Plaintiffs' motion for permission to serve a third-party subpoena [292] is denied. LJM Partners and Two Roads Shared Trust's motion for early discovery [294] is granted in part. LJM and Two Roads Shared Trust may serve the subpoena, but compliance will not be compelled until the parties exhaust efforts to meet and confer, negotiate a protective order, and (if necessary) the court resolves objections.

**STATEMENT**

I dismissed the claims against Cboe with prejudice, and that dismissal ended the case against the only identified and served defendant. [286].* But the case is not over, because the complaint includes claims against unidentified defendants. Those claims are stuck in limbo—there are no defendants to serve, no defendants to challenge the claims—unless plaintiffs can learn who did the alleged manipulation of the VIX (and in many important ways, how they did it). Plaintiffs ask for entry of a final judgment as to Cboe so they can take an immediate appeal and for permission to conduct discovery to identify the unknown defendants so they can amend the complaint and name names. Two plaintiffs who brought their own cases against

---

* Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

unknown Does also ask to conduct discovery to find out who they want to sue (for a different legal claim based on VIX manipulation).

A district "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Although there is factual overlap between the claims against Cboe and the still-unresolved claims against the (unknown and unidentified) Does, the case against Cboe is over in the district court—this dismissal was with prejudice, in large part on grounds that are legally distinct from any argument that might be asserted by or against the Does, and therefore amenable to a Rule 54(b) judgment. *See Peerless Network, Inc. v. MCI Commc'ns Servs., Inc.*, 917 F.3d 538, 543 (7th Cir. 2019) (citing *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008)); *VDF FutureCeuticals, Inc. v. Stiefel Labs., Inc.*, 792 F.3d 842, 845 (7th Cir. 2015); *see also Doe v. Vigo Cty., Ind.*, 905 F.3d 1038, 1042 (7th Cir. 2018) (decision that unambiguously disposed of all claims against a party was final).

There is no just reason for delay. The theories against Cboe are distinct, and the Does are not likely to repeat Cboe's arguments in a later appeal. The Does' liability is not about Cboe's alleged complicity in manipulation through the VIX design and promotion or its allegedly intentional failure to police market participants. The risk of piecemeal appeals (which must be avoided, *Peerless Network, Inc.*, 917 F.3d at 543) is low. It is not zero, because issues of loss causation and damages apply to the dismissed claims against Cboe and the pending claims against the Does. But it is close to zero because the details of the claims against the Does are essentially unknown—only with an amended complaint that names defendants and articulates a plausible claim for damages and loss will plaintiffs have any case against market participants. The facts will be different if such a complaint comes to pass, so an appeal as to market participants will necessarily turn on different facts.

Delay is more harmful to plaintiffs and the efficient administration of this MDL than to Cboe. Right now, because plaintiffs do not know who engaged in the alleged manipulation, they have no case to pursue, and without a resolution from the court of appeals on the dismissal of Cboe, plaintiffs will not know if they have a viable claim at all. Knowing whether Cboe is a party also shapes this court's approach to discovery, and an appeal now is more likely to provide useful information for case management than the uncertainty of appeal at some unknown point in the future. Cboe's belief that some Does might come forward to challenge plaintiffs' theories in the operative complaint and allow for resolution of the underlying (and overlapping) manipulation claim with a single appeal, is not persuasive. Cboe—which has an incentive to see the Doe claims resolved—has not offered to act as amicus curiae to argue the Does' side (in the class action and the companion cases), so I have no reason to think a happily anonymous Doe would step up. And without an adversarial

presentation, I cannot resolve whether plaintiffs pleaded viable claims against alleged manipulators. The logical next step in the putative class action is to resolve Cboe's status with finality. The clerk shall enter a partial final judgment.

The class-action plaintiffs' motion to conduct discovery of Cboe to identify the Does is denied. I agree with plaintiffs that the PSLRA is not a bar to discovery because there is no motion to dismiss pending, but I agree with Cboe that plaintiffs' approach is to take merits discovery without a viable claim pending. Plaintiffs argue that they can cure the Doe-applicable defects that I identified in the dismissal opinion, but I do not have that hypothetical complaint before me. And in any event, not only do the plaintiffs not know who the Does are, they do not know what any particular Doe did, or how a particular Doe engaged in manipulative trading. Plaintiffs have a detailed theory, but they still must unpack the entirety of the VIX settlement methodology in practice, look at trading patterns, assess trades that might fit their theory of manipulation but turn out to be innocuous, and evaluate open positions to apply their theory of motive to specific actors. *See* [293] at 10–11. What plaintiffs argue is "the bare minimum necessary to identify the Doe Defendant manipulators," [293] at 11, is a large part of the evidence needed to prove the scheme.

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when authorized by court order. Fed. R. Civ. P. 26(d)(1). District courts generally look for "good cause" when deciding to authorize early discovery. 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed.). This is not the typical case for Doe discovery, where plaintiffs know who they want to sue, they just don't know the defendant's name to summon and serve it with a complaint. In the typical case, there is good cause because the case is ready to go but cannot move ahead without the name. Here, the case against the Does is not ready—there is too much for plaintiffs to learn before they can craft a complaint that names names. The power of court-compelled discovery is reserved for true cases and controversies, and we don't have one against the Does in the class action yet. Seeking discovery that effectively proves a case before identifying the target of the claim flips the order of things in a lawsuit. I realize that anonymous trading presents a specific barrier to plaintiffs, because unless they can find out the traders' identities, they can never bring these claims against them. But because I've concluded that plaintiffs do not have claims against Cboe and the discovery they seek overlaps too much with the merits, my assessment is that they do not have good cause to use litigation to complete their pre-complaint investigation. They must find another way to advance their case against the Does.

LJM Partners and Two Roads Shared Trust's motion is different. Their complaints target a (relatively) narrow window of trading behavior, and they articulate a three-step process for identifying their Doe defendants that requires Cboe to reveal minimal information beyond that available to the public at large. *See* [294]

3

at 2 & n.2. Although plaintiffs propose to conduct an analysis that is necessarily tied to the merits, the request is much closer to simply identifying the "who" and not the "what" or "how" of the claims. While these two plaintiffs' complaints have not been tested and it is conceivable that there are no plausible claims for relief, the revised subpoena request is narrow enough that I have less of a concern that litigation is being used as a substitute for pre-complaint investigation. Prospective plaintiffs may attempt to repeat this strategy, but MDL coordination provides more than enough case-management techniques to avoid inefficiencies or unfair burdens on Cboe.

   LJM Partners and Two Roads Shared Trust have leave to serve their subpoena on Cboe. That does not mean Cboe is compelled to comply with the subpoena as written. The parties must meet and confer. A protective order that prevents the plaintiffs from using the information learned for any purpose other than naming defendants and prevents counsel and retained experts from sharing the information with anyone with a potential claim or interest related to VIX manipulation would likely be appropriate, on top of the usual attorneys'-eyes-only provisions. If Cboe has other substantive objections to compliance, the parties should attempt to resolve them, and if necessary, I will rule on them.

ENTER:

Date: April 21, 2020

                    _____
                    Manish S. Shah
                    U.S. District Judge