UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.2
Eastern Division

Chicago Board Options Exchange Volatility Index
Manipulation Antitrust Litigation, et al.

    Plaintiff,

v.

    Case No.: 1:18−cv−04171

    Honorable Manish S. Shah

John Does, et al.

    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, June 3, 2020:

    MINUTE entry before the Honorable Manish S. Shah: Cboe's motion to quash or for a protective order [322] is denied in part, granted in part. The purpose of the subpoena is not impermissible merits discovery, and so the burden it places on Cboe is not undue or disproportionate. The purpose of the subpoena is to identify the Doe defendants, although some steps of the process overlap with some investigation of the merits. On balance, the overlap is not so great so as to overwhelm the good cause that exists to use discovery to identify Does. See [311] at 3−4. Cboe does not persuasively suggest that the volume of information poses an undue burden, and the risk of inappropriate disclosure of innocent actors' trading strategies is low at this first step. The subpoena is not quashed. The motion is granted to the extent the subpoena is narrowed as follows. The requested quotations are limited to the near−term and next−term SPX Options used to calculate the spot VIX (the SPX Options maturing on March 2 or March 9, 2018) and from the normal−hours trading periods on February 5 and 6 and the extended−hours trading period from the early morning of February 6, 2018. (That is, the narrowed scope plaintiffs agreed to.) Cboe's objection that this narrowed window is overinclusive for Doe identification purposes is overruled. Cboe shall use consistent aliases when producing the quotations. Cboe is not required to produce the data until the terms of a confidentiality order are entered. The plaintiffs and Cboe should complete their negotiations over those terms and contact the courtroom deputy if court assistance is necessary. The court expects the confidentiality order to include security precautions and restricted access and use of the data, and that an order can be entered within two weeks. The court will grant Cboe a reasonable amount of time to produce the information, understanding that production is not as simple as a push of a button. The denial of Cboe's motion is without prejudice to Cboe raising objections when plaintiffs seek to unmask identities. Plaintiffs should expect to point to specific allegations in their complaint when seeking to identify the person or entity behind a particular quote. Notices mailed. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.