**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171 MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD., Plaintiff, | No. 19 CV 0368 MDL No. 2842 |
| v. | and |
| JOHN DOES, Defendants | |
| and | |
| TWO ROADS SHARED TRUST, Plaintiff, | No. 20 CV 00831 |
| JOHN DOES, Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

**JOINT MOTION OF NON-PARTY CBOE EXCHANGE,
INC. AND PLAINTIFFS FOR ENTRY OF AN AGREED
UPON CONFIDENTIALITY ORDER**

Non-party Cboe Exchange, Inc., ("Cboe") and LJM Partners, Ltd. and Two Roads Shared Trust ("Plaintiffs") move the Court pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) for entry of the Agreed Confidentiality Order attached as Exhibit A, for good cause, and to protect the respective interests of the parties, the public, and the Court. In further support of this Motion, Plaintiffs and Cboe state as follows:

1

1.      On April 21, 2020, this Court granted leave for Plaintiffs to serve their subpoenas, and ordered that an appropriate protective order should be entered before Cboe produced information in response.  Dkt. 311 at 4.

2.      On June 3, 2020, this Court ordered that a confidentiality order be "entered within two weeks" and expected "the confidentiality order to include security precautions and restricted access and use of the data."  Dkt. 327.

3.      Cboe and Plaintiffs have made modifications to the Northern District of Illinois Model Order.  Those changes are reflected in the enclosed redline document, attached as Exhibit B.

WHEREFORE, Plaintiffs and Cboe respectfully request that this Court enter the Agreed Confidentiality Order.

Dated:  June 17, 2020                                                         Respectfully Submitted,

s/ *George Zelcs*                                                 s/ *Gregory M. Boyle*

George Zelcs                                                      Reid J. Schar
Chad Bell                                                         Gregory M. Boyle
Randall P. Ewing, Jr.                                             JENNER & BLOCK LLP
Ryan Z. Cortazar                                                  353 N. Clark Street
KOREIN TILLERY LLC                                                Chicago, IL 60654-3456
205 N. Michigan Ave., Suite 1950                                  (312) 923-2651
Chicago, Illinois 60601                                           gboyle@jenner.com
Telephone: (312) 641-9750
cbell@koreintillery.com                                           *Attorneys for Cboe Global Markets, Inc.,*
                                                                  *Cboe Futures Exchange, LLC, and Cboe*
                                                                  *Exchange, Inc.*
Michael E. Klenov
KOREIN TILLERY LLC
505 North 7th Stree, Suite 3600
St. Louis, Mo 63101
Telephone: 314-241-4844
Facsimile: 314-241-3525
mklenov@koreintillery.com

*Attorneys for LJM Partners, Ltd.*

s/ *Amanda F. Lawrence*
Amanda F. Lawrence (pro hac vice)

Patrick McGahan (pro hac vice)
Michael P. Srodoski (pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW
LLP
156 S. Main St., P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
alawrence@scott-scott.com
msrodoski@scott-scott.com

Christopher M. Burke (pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW
LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: 619-233-4565
Fax: 619-233-0508
cburke@scott-scott.com

Peter A. Barile III (#4364295)
Kristen M. Anderson (pro hac vice)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: 212-223-6444
Fax: 212-223-6334
pbarile@scott-scott.com
kanderson@scott-scott.com

Anthony F. Fata
Jennifer W. Sprengel
Kaitlin Naughton
CAFFERTY CLOBES MERIWETHER &
SPRENGEL, LLP
150 S. Wacker, Suite 3000
Chicago, IL 60606
Tel: 312-782-4880
Fax: 312-782-4485
afata@caffertyclobes.com
jsprengel@caffertyclobes.com
knaughton@caffertyclobes.com

*Attorneys for Plaintiff Two Roads Shared Trust*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171 MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD., Plaintiff, | No. 19 CV 0368 MDL No. 2842 |
| v. | and |
| JOHN DOES, Defendants | |
| and | |
| TWO ROADS SHARED TRUST, Plaintiff, | No. 20 CV 00831 |
| JOHN DOES, Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

**AGREED CONFIDENTIALITY ORDER**
**IN RESPECT TO JOHN DOE DISCOVERY INFORMATION**

The Parties to this Agreed Confidentiality Order have agreed to the terms of this Order;

accordingly, it is ORDERED:

**1.** **Definitions**.

**(a)** "Action" means the above-captioned action, and any and all cases consolidated or

coordinated with it.

**(b)** "Discoverable Information" means all materials produced by Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Cboe Exchange, Inc. ("Cboe") in connection with or response to Plaintiffs' Motion for early discovery (Dkt. 294).

**(c)** "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(l)(A).

**(d)** "ESI" shall have the same meaning and scope as it has in Federal Rule of Civil Procedure 34(a)(1)(A).

**(e)** "Party" means a Party to this Action only that has executed this Stipulation.

**(f)** "Producing Party" means Cboe.

**(g)** "Putative Class Action" means the consolidated class action plaintiffs in the Multi District Litigation number 2842.

**(h)** "Receiving Party" means Counsel for LJM Partners, Ltd. ("LJM") and/or Two Roads Shared Trust ("Two Roads") in this Action. References to "Plaintiffs" herein are limited to Counsel for these Plaintiffs.

**2.    Scope**. Discoverable Information shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**3.    Confidential Information.** As used in this Order, "Confidential Information" means all Discoverable Information. For the sake of clarity, this definition, however, does not extend to any information that the Receiving Party has previously purchased from Cboe or may purchase in the future, and the Parties agree that this Protective Order will not govern information

other than that produced by Cboe in connection with or in response to Plaintiffs' Motion for Early Discovery (Dkt. 294).

**4.      Designation.**

**(a)**      In order to designate all Discoverable Information as Confidential Information for protection under this Order, Cboe shall place or affix the words "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the media used to produce or disclose the Discoverable Information.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  Whenever the Receiving Party to whom electronically stored Discoverable Information so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall

mark the hard copy by affixing the designation "Cboe Confidential," "Cboe Internal," or "Cboe Restricted" to each page of such document.

**(b)** The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order.

**5.     Protection of Confidential Material.**

**(a)     General Protections**.  Confidential Information shall not be used or disclosed by Counsel or any other persons identified in subparagraph (b) to this paragraph for any purpose whatsoever other than in this litigation, including any appeal thereof.  For clarity and without limiting the foregoing, Confidential Information may not be disclosed to anyone who is a party or counsel, or is affiliated with a party or counsel from the related putative class action, or may reasonably be believed to be a potential class member in the putative class action.

**(b)     Limited Third-Party Disclosures.**  Cboe and Plaintiffs shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(8) to this paragraph.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     **Plaintiffs' Counsel.**  Counsel for the Plaintiffs and employees of Counsel who have responsibility for the Action;

(2)     **Defendants' Counsel**.  Counsel for Defendants to the Actions and employees of Counsel who have responsibility for the Action, but only after such Counsel have executed a stipulation in substantially the same form as this Stipulation.

(3)     **The Court and its personnel**.  And any Court Reporters, videographers and their staff engaged for depositions, and mediators (and staff) appointed by the Parties to assist in alternative dispute resolution;

(4)     **Contractors.**  Those persons or entities who provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving in any form or medium) and their employees and subcontractors;

(5)     **Consultants, Investigators, and Experts.**  Consultants, investigators, or experts employed by  Counsel to assist in the preparation and trial of this action but only

after such individual persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, have agreed to the data security provisions of Attachment B, and provided further that any part of a report created by such consultant, investigator or expert incorporating Confidential Information shall be designated appropriately by the Party responsible for its creation; and provided further that consultants, investigators or experts shall not use Confidential Information for any purpose that does not relate to this Action (including but not limited to other litigation and other work in their respective field);

(6) **Insurers' counsel.** The counsel representing the insurer or indemnitor of Cboe or Plaintiffs, including the insurer's or indemnitor's legal team, provided such counsel signs Attachment A prior to any disclosure;

(7) **Witnesses in this Action**. Witnesses to whom disclosure is reasonably necessary during depositions or testimony at trial or any hearing, provided that Counsel for the Plaintiff intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge, provided that Plaintiffs instruct the witness and their counsel that the material is subject to this Protective Order, provide them with a copy of the same, and have them execute Attachment A. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may review a copy of all exhibits marked at their depositions in connection with review of the transcripts; and

(8) **Others by Consent.** Other persons only by written consent of Cboe or upon order of the Court and on such conditions as may be agreed or ordered, in addition to those persons having signed Attachment A.

(c) **Summaries**. Counsel for Plaintiffs may provide summaries or characterizations of the Confidential Information to individuals employed by the Plaintiffs, who have responsibility to make decisions regarding the prosecution or settlement of the Action. Nothing in this Order is intended to bar or otherwise prevent Plaintiffs' counsel from rendering advice to their respective clients with respect to this Action and, in the course of rendering such advice, from relying upon their examination or knowledge of Confidential Information.

(d) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel and any third-parties to whom disclosure is permitted by this Order, with the exception of the Court and its

personnel, shall also implement the specific controls set forth in Attachment B to this Order.  To the extent that Confidential Information is ESI or is converted to ESI, it shall be stored and transmitted only in fully encrypted form as set forth in the ESI Protocol. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.  In the event that there is an unauthorized disclosure of Confidential Information, Cboe will be provided with a list of those who have executed Attachment B.

6.      The recipient of any Confidential Information shall maintain such information in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws, including by establishing, maintaining, and enforcing written policies and procedures consistent with NIST Security and Privacy Controls for Federal Information Systems and Organizations (Special Publication 800-53 Rev. 4) ("NIST 800-53") or substantially similar security standards promulgated by another widely recognized organization, to safeguard against unauthorized or inadvertent disclosure of such material to persons or entities not authorized under this Order, and also agree to the requirements for data security set forth in Attachment B.  In addition, the recipient of Confidential Information shall produce to Cboe a current SOC 2 Type 2 report demonstrating reasonable design and operating effectiveness of recipient's information security-related controls.    Confidential Information shall not be copied, reproduced, extracted, or abstracted, except to the extent that such copying, reproduction, extraction, or abstraction is reasonably necessary for the conduct of this Action.  All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order.  The recipient of any original media shall notify Cboe once the data has been copied,

reproduced, extracted, or abstracted, and shall return the original data file to Cboe. Cboe will maintain the produced data for the duration of the litigation.

7. **Unauthorized Disclosure of Confidential Information.** If Plaintiffs or any third-party to whom disclosure is permitted by this Order learns that, by inadvertence or otherwise, they have disclosed Confidential Information to any person or in any circumstance not authorized under this Order, they must within one business day of learning of the disclosure take the following actions: (a) notify Cboe in writing of the unauthorized disclosures; (b) use their best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons destroy the Confidential Information.

8. **Filing of Confidential Information.** Any Party wishing to file Confidential Information must seek to file such information in redacted form or under seal in accordance with the rules of this Court unless Cboe provides its written agreement that the Confidential Information may be publicly filed. This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9. **Inadvertent Production of Privileged or Otherwise Protected Material.** If Cboe inadvertently or mistakenly produces privileged material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to any claim of privilege, work-product immunity, protection pursuant to the joint defense or common interest doctrine, or any other applicable privilege for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law including Federal Rule of Evidence 502. When Cboe gives notice to Plaintiffs that certain inadvertently produced material

is subject to a claim of privilege or other protection, the obligations of the Plaintiffs are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as Cboe and Plaintiffs reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the court.

**10. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by Plaintiffs, and such challenge may be made at any time. The following procedure shall apply to any such challenge.

**(a) Meet and Confer.** Plaintiffs must meet and confer directly with Counsel for Cboe before challenging the designation of Confidential Information. In conferring, Plaintiffs must explain the basis for their belief that the confidentiality designation was not proper and must give Cboe an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. Cboe must respond to the challenge within five (5) business days of the conferral.

**(b) Judicial Intervention.** If Plaintiffs elect to challenge a confidentiality designation they may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**11.** **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**12.** **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**13.** **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)** If Plaintiffs are served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, they must so notify Cboe, in writing, within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** Plaintiffs also must inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford Cboe an opportunity to try to protect their Confidential

Information in the court from which the subpoena or order issued. Cboe shall bear the burden and the expense of seeking protection in that court of their Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Plaintiffs in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while Plaintiffs have Confidential Information in their possession, custody, or control.

14.     **Challenges by Members of the Public to Sealing Orders.**  A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15.     **Obligations on Conclusion of Litigation.**

(a)     **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation.**  Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order that have not already been returned pursuant to paragraph 6 above shall be returned to Cboe or destroyed to the extent practicable (including, directing the Plaintiffs' discovery vendor(s) to take data offline or to take other steps to prevent access to the documents) in a manner that is consistent with the highest industry standards (e.g., the DoD 5220.22-M data sanitization method, in accordance with the Department of Defense National Industrial Security Program Operating Manual), unless the document has been offered into evidence or filed without restriction as to disclosure. With respect to Confidential Information stored in electronic form, the Receiving Party

shall apply physical or logical techniques that render data recovery infeasible using state of the art laboratory techniques in conformity with the NIST SP 800-88 R1 Purge standard.

      **(c)**      **Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, Plaintiffs' Counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim portions of Confidential Information, (2) email correspondence related to their representation, so long as those correspondences do not duplicate verbatim portions of Confidential Information; and (3) one complete set of all: (i) documents filed with the Court including those filed under seal; (ii) all transcripts of depositions, including exhibits; and (iii) all final expert witness reports and supporting materials disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure. Counsel are not required to return or destroy Confidential Information that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; or (2) is located in the email archive system or archived electronic files of departed employees so long as the archived emails or files do not duplicate verbatim portions of the Confidential Information. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

      **(d)**      **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

      **16.**      **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

19. **Miscellaneous.**

(a) **Right to Object.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

(b) **Additional Parties.** In the event that a new Party is added, substituted, or otherwise brought into this Action, this Order will be binding on and inure to the benefit of the new Party once that new Party has executed the Acknowledgement and Agreement to be Bound, subject to the right of the new Party to seek relief from or modification of this Order.

*So Ordered.*

Dated:

_____
U.S. District Judge
Manish S. Shah

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

s/ *George Zelcs*
George Zelcs
Chad Bell
Randall P. Ewing, Jr.
Ryan Z. Cortazar
KOREIN TILLERY LLC
205 N. Michigan Ave., Suite 1950
Chicago, Illinois 60601
Telephone: (312) 641-9750
cbell@koreintillery.com

Michael E. Klenov
KOREIN TILLERY LLC
505 North 7th Stree, Suite 3600
St. Louis, Mo 63101
Telephone: 314-241-4844
Facsimile: 314-241-3525
mklenov@koreintillery.com

*Attorneys for Plaintiff LJM Partners, Ltd.*

s/ *Amanda F. Lawrence*
Amanda F. Lawrence (pro hac vice)
Patrick McGahan (pro hac vice)
Michael P. Srodoski (pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
156 S. Main St., P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
alawrence@scott-scott.com
msrodoski@scott-scott.com

Christopher M. Burke (pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: 619-233-4565
Fax: 619-233-0508
cburke@scott-scott.com

Peter A. Barile III (#4364295)
Kristen M. Anderson (pro hac vice)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: 212-223-6444

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

s/ *Gregory M. Boyle*

Reid J. Schar
Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 923-2651
gboyle@jenner.com

*Attorneys for Cboe Global Markets, Inc.,*
*Cboe Futures Exchange, LLC, and Cboe*
*Exchange, Inc.*

Dated:  June 17, 2020

Fax: 212-223-6334
pbarile@scott-scott.com
kanderson@scott-scott.com

Anthony F. Fata
Jennifer W. Sprengel
Kaitlin Naughton
CAFFERTY CLOBES MERIWETHER &
SPRENGEL, LLP
150 S. Wacker, Suite 3000
Chicago, IL 60606
Tel: 312-782-4880
Fax: 312-782-4485
afata@caffertyclobes.com
jsprengel@caffertyclobes.com
knaughton@caffertyclobes.com

*Attorneys for Plaintiff Two Roads Shared Trust*

Dated:  June 17, 2020

## ATTACHMENT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171 MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD., Plaintiff, | No. 19 CV 0368 MDL No. 2842 |
| v. | and |
| JOHN DOES, Defendants | |
| and | |
| TWO ROADS SHARED TRUST, Plaintiff, | No. 20 CV 00831 |
| JOHN DOES, Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto, as well as

the requirements for data security set forth in Attachment B, understands the terms thereof, and

agrees to be bound by all of these terms. The undersigned submits to the jurisdiction of the United

States District Court for the Northern District of Illinois in matters relating to the Confidentiality

Order and understands that the terms of the Confidentiality Order obligate him/her to use materials

designated as Confidential Information in accordance with the Order and in accordance with the

requirements for data security set forth in Attachment B, solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order or the requirements for data security set forth in Attachment B may result in penalties for contempt of court.

Name:

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____          _____

                                     Signature

## ATTACHMENT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171 MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD., Plaintiff, | No. 19 CV 0368 MDL No. 2842 |
| v. | and |
| JOHN DOES, Defendants | |
| and | |
| TWO ROADS SHARED TRUST, Plaintiff, | No. 20 CV 00831 |
| JOHN DOES, Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

### AGREEMENT TO BE BOUND BY CERTAIN PROTOCOLS GOVERNING ESI

The undersigned hereby acknowledge that in handling any Discoverable Information, they will maintain and enforce written policies and procedures consistent with NIST Security and Privacy Controls for Federal Information Systems and Organizations (Special Publication 800-53 Rev. 4) or substantially similar security standards promulgated by another widely recognized organization. In addition, any receiving party who will host Discoverable Information must provide to Cboe a current SOC 2 Type 2 report demonstrating reasonable design and operating effectiveness of recipient's information security related controls. The

receiving party shall also satisfy the following Compliance Checklist demonstrating adequate security control:

1) Security: Information and systems are protected against unauthorized access, unauthorized disclosure, and damage to the system that could compromise the information or systems and effect the entity's ability to meet its security obligations. Security includes the protection of:

   a) Discoverable Information

   b) Systems that are used to analyze, host, store, extract, or otherwise contain Discoverable Information;

2) Availability: The system includes controls to support accessibility for operation, monitoring, and maintenance;

3) Processing Integrity: The system's ability to process data is complete, valid, accurate, timely, and able to meet and comply with the objectives set forth above;

4) Confidentiality: Information that is designated as Confidential Information, as set out in the protective order above, will be protected and designated as such by the system used;

5) Privacy: To the extent that personal information is collected, used, and revealed, the host will limit the use of such data to the terms set forth above; and

6) Purge: At the conclusion of the use of all data, the system is capable of applying physical or logical techniques that render recovery of the data infeasible using state of the art laboratory techniques in conformity with NIST SP 800-88 R1 Purge standard.

7) The undersigned acknowledges that violation of the Confidentiality Order or the requirements for data security set forth in Attachment B may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date:_____    _____
                                 Signature

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171 MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD.,        Plaintiff, | No. 19 CV 0368 MDL No. 2842 |
| v. | and |
| JOHN DOES,        Defendants | |
| and | |
| TWO ROADS SHARED TRUST,        Plaintiff, | No. 20 CV 00831 |
| JOHN DOES,        Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

**AGREED CONFIDENTIALITY ORDER**
**IN RESPECT TO JOHN DOE DISCOVERY INFORMATION**

The ~~parties~~Parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

~~[if not fully agreed]   A party to this action has moved that the Court enter a confidentiality order.  The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:~~

**1.**       ~~1.~~       **Definitions**.

**(a)**       "Action" means the above-captioned action, and any and all cases consolidated or coordinated with it.

~~(a)~~**(b)** "Discoverable Information" means all~~Scope.   All~~ materials produced ~~or adduced~~by Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Cboe Exchange, Inc. ("Cboe") in ~~the course of~~ connection with or response to Plaintiffs' Motion for early discovery~~, including initial disclosures, responses to discovery requests, deposition testimony and~~ (Dkt. 294).

**(c)**       "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(l)(A).

**(d)**       "ESI" shall have the same meaning and scope as it has in Federal Rule of Civil Procedure 34(a)(1)(A).

**(e)**       "Party" means a Party to this Action only that has executed this Stipulation.

**(f)**       "Producing Party" means Cboe.

**(g)**       "Putative Class Action" means the consolidated class action plaintiffs in the Multi District Litigation number 2842.

**(h)** "Receiving Party" means Counsel for LJM Partners, Ltd. ("LJM") and/or Two Roads Shared Trust ("Two Roads") in this Action.  References to "Plaintiffs" herein are limited to Counsel for these Plaintiffs.

**Scope.**  exhibits, and information derived directly therefrom (hereinafter collectively

1  Counsel should include or delete language in brackets as necessary to the specific case.  Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text. Counsel may also modify this model order as appropriate for the circumstances of the case.  This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties.  The court will make the final decision on the terms of any order notwithstanding the agreement of the parties."documents"),Discoverable Information shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  **Confidential Information.**  As used in this Order, "Confidential Information" means all Discoverable Information.  For the sake of clarity, this definition, however, does not extend to any information designated as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a)Receiving Party has previously purchased from Cboe or may purchase in the future, and the Parties agree that this Protective Order will not govern information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial informationother than that the party has maintained as confidential;  (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case[2].  Information or

~~1.~~2.     ~~documents that are available~~produced by Cboe in connection with or in response to ~~the public may not be designated as Confidential~~Plaintiffs' Motion for Early Discovery (Dkt. 294).

~~Information.~~

~~2.~~3.     ~~3.~~     **Designation.**

~~(a)     A party may~~In order to designate ~~a document~~all Discoverable Information as Confidential Information for protection under this Order ~~by placing~~, Cboe shall place or ~~affixing~~affix the words "CBOE CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER" on the ~~document and on all copies in a manner that will not interfere with the legibility of the document.~~ media used to produce or disclose the Discoverable Information. As used in this Order, "copies"

 includes electronic images, duplicates, extracts, summaries, or descriptions that contain

---

~~2     If protection is sought for any other category of information, the additional category shall be described in paragraph 2 with the additional language redlined to show the change in the proposed Order.~~

~~the~~ Confidential Information.  The marking "CBOE CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time ~~of~~ the documents are produced or disclosed.  Applying the marking "CBOE CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. ~~-~~Any copies that are made of any documents marked "CBOE CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  Whenever the Receiving Party to whom electronically stored Discoverable Information so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Cboe Confidential," "Cboe Internal," or "Cboe Restricted" to each page of such document.

~~(b)~~     The designation of a document as Confidential Information is a

certification by an attorney or a party appearing pro se that the document contains

Confidential Information as defined in this order.[3]

    4.    Depositions.[4]

(a)    Alternative A.  Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time.

the testimony is taken. Such designation shall be specific as to the portions that contain

---

[3]    An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

[4]    The parties or movant seeking the order shall select one alternative for handling deposition testimony and delete by redlining the alternative provision that is not chosen.

Confidential Information.  Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness.  Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

Alternative B.  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given,  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

3.4.   5.   **Protection of Confidential Material.**

(a)   **General Protections**.  Confidential Information shall not be used or disclosed by the parties, counsel for the partiesCounsel or any other persons identified in subparagraph (b) to this paragraph for any purpose whatsoever other than in this litigation, including any appeal thereof. [INCLUDE IN PUTATIVE CLASS ACTION CASE:  In aFor clarity and without limiting the foregoing, Confidential Information may not be disclosed to anyone who is a party or counsel, or is affiliated with a party or counsel from the related putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other or may reasonably be believed to be a potential class member ofin the putative class unless and until a class including the putative member has been certified.]action.

(b)   **Limited** —**Third-Party Disclosures.**  The partiesCboe and counsel for the partiesPlaintiffs shall not disclose or permit the disclosure of any Confidential Information to any

third person or entity except as set forth in subparagraphs (1)-(~~9)~~8) to this paragraph.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) ~~____~~ **Plaintiffs'** **Counsel.** _Counsel for the ~~parties~~Plaintiffs and employees of ~~counsel~~Counsel who have responsibility for the ~~action~~Action;

(2) ~~Parties.  Individual parties~~ **Defendants' Counsel**. _Counsel for Defendants to the Actions and employes of ~~a party~~Counsel who have responsibility for the Action, but only ~~to the extent counsel determines~~after such Counsel have executed a stipulation in ~~good faith that the employee's assistance is reasonably necessary to~~substantially the ~~conduct of the litigation~~same form as this Stipulation. ~~in which the information is disclosed;~~

(3) **The Court and its personnel**~~;~~

~~(4) ____.~~  And any Court Reporters~~,~~, videographers and ~~Recorders.  Court reporters and recorders~~their staff engaged for depositions~~;~~, and mediators (and staff) appointed by the Parties to assist in alternative dispute resolution;

(~~5~~4) **Contractors.** _Those persons ~~specifically engaged for the limited purpose of making copies of documents~~ or entities who provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing ~~or processing documents, including outside vendors hired to process electronically stored documents~~, storing, or retrieving in any form or medium) and their employees and subcontractors;

(~~6~~5) **Consultants**, **Investigators,** **and Experts.** _Consultants, investigators, or experts employed by ~~the parties or counsel for the parties~~ Counsel to assist in the preparation and trial of this action but only after such individual persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound~~;~~, have agreed to the data security provisions of Attachment B, and provided further that any part of a report created by such consultant, investigator or expert incorporating Confidential Information shall be designated appropriately by the Party responsible for its creation; and provided further that consultants, investigators or experts shall not use Confidential Information for any purpose that does not relate to this Action (including but not limited to other litigation and other work in their respective field);

(6)     **Insurers' counsel.** The counsel representing the insurer or indemnitor of Cboe or Plaintiffs, including the insurer's or indemnitor's legal team, provided such counsel signs Attachment A prior to any disclosure;

(7)     **Witnesses** at depositions. During their depositions, witnesses **in this** action **Action**. Witnesses to whom disclosure is reasonably necessary during depositions or testimony at trial or any hearing, provided that Counsel for the Plaintiff intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge, provided that Plaintiffs instruct the witness and their counsel that the material is subject to this Protective Order, provide them with a copy of the same, and have them execute Attachment A. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive review a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits; and to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)     **Others by Consent.** Other persons only by written consent of the producing party Cboe or upon order of the Court and on such conditions as may be agreed or ordered, in addition to those persons having signed Attachment A.

(c)(c)  **Summaries.** Counsel for Plaintiffs may provide summaries or characterizations of the Confidential Information to individuals employed by the Plaintiffs, who have responsibility to make decisions regarding the prosecution or settlement of the Action. Nothing in this Order is intended to bar or otherwise prevent Plaintiffs' counsel from rendering advice to their respective clients with respect to this Action and, in the course of rendering such advice, from relying upon their examination or knowledge of Confidential Information.

(d)     **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel and any third-

parties to whom disclosure is permitted by this Order, with the exception of the Court and its personnel, shall also implement the specific controls set forth in Attachment B to this Order. To the extent that Confidential Information is ESI or is converted to ESI, it shall be stored and transmitted only in fully encrypted form as set forth in the ESI Protocol. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case. In the event that there is an unauthorized disclosure of Confidential Information, Cboe will be provided with a list of those who have executed Attachment B.

6.      Inadvertent Failure to Designate.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is

treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

5.      7.      The recipient of any Confidential Information shall maintain such information in a secure and safe area and shall exercise a standard of due and proper care with respect to the

storage, custody, use, and/or dissemination sufficient under all applicable laws, including by establishing, maintaining, and enforcing written policies and procedures consistent with NIST Security and Privacy Controls for Federal Information Systems and Organizations (Special Publication 800-53 Rev. 4) ("NIST 800-53") or substantially similar security standards promulgated by another widely recognized organization, to safeguard against unauthorized or inadvertent disclosure of such material to persons or entities not authorized under this Order, and also agree to the requirements for data security set forth in Attachment B. In addition, the recipient of Confidential Information shall produce to Cboe a current SOC 2 Type 2 report demonstrating reasonable design and operating effectiveness of recipient's information security-related controls. Confidential Information shall not be copied, reproduced, extracted, or abstracted, except to the extent that such copying, reproduction, extraction, or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order. The recipient of any original media shall notify Cboe once the data has been copied, reproduced, extracted, or abstracted, and shall return the original data file to Cboe. Cboe will maintain the produced data for the duration of the litigation.

     **6.** **Unauthorized Disclosure of Confidential Information.** If Plaintiffs or any third-party to whom disclosure is permitted by this Order learns that, by inadvertence or otherwise, they have disclosed Confidential Information to any person or in any circumstance not authorized under this Order, they must within one business day of learning of the disclosure take the following actions: (a) notify Cboe in writing of the unauthorized disclosures; (b) use their best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons destroy the Confidential Information.

**4.7.** **Filing of Confidential Information.** Any Party wishing to file Confidential Information must seek to file such information in redacted form or under seal in accordance with the rules of this Court unless Cboe provides its written agreement that the Confidential Information may be publicly filed. This Order does not, by itself, authorize the filing of any document under seal. Any ~~party~~Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

~~8.~~ ~~No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.~~

**8.** ~~9.~~ **Inadvertent Production of Privileged or Otherwise Protected Material.** If Cboe inadvertently or mistakenly produces privileged material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to any claim of privilege, work-product immunity, protection pursuant to the joint defense or common interest doctrine, or any other applicable privilege for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law including Federal Rule of Evidence 502. When Cboe gives notice to Plaintiffs that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Plaintiffs are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as Cboe and Plaintiffs reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the court.

~~5.~~9.   **Challenges** ~~–~~**by a Party to Designation as Confidential Information.** _The designation of any material or document as Confidential Information is subject to challenge by ~~any party.~~Plaintiffs, and such challenge may be made at any time.  The following procedure shall apply to any such challenge.

(a)   **Meet and Confer.** ~~A party~~Plaintiffs must meet and confer directly with Counsel for Cboe before challenging the designation of Confidential Information ~~must do so in good faith and must begin the process by conferring directly with counsel for the designating party.~~  In conferring, ~~the challenging party~~Plaintiffs must explain the basis for ~~its~~their belief that the confidentiality designation was not proper and must give ~~the designating party~~Cboe an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. ~~The designating party~~Cboe must respond to the challenge within five (5) business days of the conferral.

(b)   **Judicial Intervention.** ~~A party that elects~~ If Plaintiffs elect to challenge a confidentiality designation they may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

~~6.~~10.   ~~10.~~   **Action** ~~–~~**by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  _Nothing in this

Order or any action or agreement of a ~~party~~Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

~~11.~~ **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential ~~information~~Information at a hearing or trial shall bring that issue to the Court's and ~~parties'~~Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

~~12.~~ **Confidential Information Subpoenaed ~~or Ordered Produced~~ in Other ~~7.~~11. Litigation.**

**(a)** If ~~a receiving party is~~Plaintiffs are served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, ~~the receiving party~~they must so notify ~~the designating party~~Cboe, in writing, ~~immediately and in no event more than~~within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** ~~The receiving party~~ Plaintiffs also must ~~immediately~~ inform in writing the ~~party~~Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. ~~In addition, the receiving party~~ and must deliver a copy of this Order promptly to the ~~party~~Party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford ~~the designating party in this case~~Cboe an opportunity to try to protect

itstheir Confidential Information in the court from which the subpoena or order issued.  The designating partyCboe shall bear the burden and the expense of seeking protection in that court of their Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Plaintiffs in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while Plaintiffs have Confidential Information in their possession, custody, or control.

expense of seeking protection in that court of its Confidential Information, and nothing

in these provisions should be construed as authorizing or encouraging a

receiving party in this action to disobey a lawful directive from another court.  The

obligations set forth in this paragraph remain in effect while the party has in its

possession, custody or control Confidential Information by the other party to this case.

**8.12.**   13.   **Challenges  by Members of the Public  to Sealing Orders.**  A partyParty or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal,  and the partyParty asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**9.13.**   14.   **Obligations on Conclusion of Litigation.**

**(a)**  Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)**   **Obligations at Conclusion of Litigation.**  Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CBOE CONFIDENTIAL  SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), that have not already been returned pursuant to

paragraph 6 above shall be returned to Cboe or destroyed to the ~~producing party~~extent practicable (including, directing the Plaintiffs' discovery vendor(s) to take data offline or to take other steps to prevent access to the documents) in a manner that is consistent with the highest industry standards (e.g., the DoD 5220.22-M data sanitization method, in accordance with the Department of Defense National Industrial Security Program Operating Manual), unless:  ~~(1)~~ the document has been offered into evidence or filed without restriction as to disclosure.  With respect to Confidential Information stored in electronic form, the Receiving Party shall apply physical or logical techniques that render data recovery infeasible using state of the art laboratory techniques in conformity with the NIST SP 800-88 R1 Purge standard.

~~without restriction as to disclosure; (2) the parties agree to destruction to the extent~~

~~practicable in lieu of return;⁵ or (3) as to documents bearing the notations, summations,~~

~~or other mental impressions of the receiving party, that party elects to destroy the~~

~~documents and certifies to the producing party that it has done so.~~

---

~~5        The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.~~

**(c)**      **Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, ~~counsel~~Plaintiffs' Counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim ~~substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.~~portions of Confidential Information, (2) email correspondence related to their representation, so long as those correspondences do not duplicate verbatim portions of Confidential Information; and (3) one complete set of all: (i) documents filed with the Court including those filed under seal; (ii) all transcripts of depositions, including exhibits; and (iii) all final expert witness reports and supporting materials disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure. Counsel are not required to return or destroy Confidential Information that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; or (2) is located in the email archive system or archived electronic files of departed employees so long as the archived emails or files do not duplicate verbatim portions of the Confidential Information. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**(d)**——_____**Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

10.14. 15. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a partyParty or any other person with standing concerning the subject matter.

11.15. 16. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

12.16. 17. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**17. Miscellaneous.**

**(a)** **Right to Object.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**(b)** **Additional Parties.** In the event that a new Party is added, substituted, or otherwise brought into this Action, this Order will be binding on and inure to the benefit of the new Party once that new Party has executed the Acknowledgement and Agreement to be Bound, subject to the right of the new Party to seek relief from or modification of this Order.

*So Ordered.*

Dated: _____

_____ U.S.
District Judge
~~U.~~_____
_____ Manish S. ~~Magistrate Judge~~Shah


[Delete signature blocks if not wholly by agreement]

WE SO MOVE                          WE SO MOVE
and agree to abide by the           and agree to abide by the
terms of this Order                 terms of this Order


_____          _____
Signature                          Signature

_____          _____
Printed Name                       Printed Name

Counsel for: _____          Counsel for: _____


Dated: _____          Dated: _____

**WE SO MOVE
and agree to abide by the
terms of this Order**

s/ *DRAFT*
**KOREIN TILLERY LLC**
George Zelcs
Chad Bell
205 N. Michigan Ave., Suite 1950
Chicago, Illinois 60601
Telephone: (312) 641-9750
cbell@koreintillery.com

*Counsel for LJM Partners, Ltd.*

s/ *DRAFT*
**SCOTT+SCOTT ATTORNEYS AT LAW
LLP**
Amanda F. Lawrence
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
alawrence@scott-scott.com

s/ *DRAFT*
**CAFFERTY CLOBES MERIWETHER &
SPRENGEL, LLP**
Anthony F. Fata
Jennifer W. Sprengel
150 S. Wacker, Suite 3000
Chicago, IL 60606
Tel: 312-782-4880
afata@caffertyclobes.com
jsprengel@caffertyclobes.com

*Counsel for Two Roads Shared Trust*

Dated: _____

**WE SO MOVE
and agree to abide by the
terms of this Order**

s/ *Gregory M. Boyle*

Reid J. Schar
Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 923-2651
gboyle@jenner.com

*Counsel for Cboe Global Markets, Inc.,
Cboe Futures Exchange, LLC, and Cboe
Exchange, Inc.*

Dated: _____

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**



~~Plaintiff~~

~~Defendant~~

~~ACKNOWLEDGMENT~~

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171 MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD., Plaintiff, | No. 19 CV 0368 MDL No. 2842 |
| v. | and |
| JOHN DOES, Defendants | |
| and | |
| TWO ROADS SHARED TRUST, Plaintiff, | No. 20 CV 00831 |
| JOHN DOES, Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

**ACKNOWLEDGEMENT AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto, as well as the requirements for data security set forth in Attachment B, understands the terms thereof, and agrees to be bound by ~~its~~all of these terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order and in accordance with the requirements for data security set forth in Attachment B, solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order ~~may~~ or the requirements for data security set forth in Attachment B may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

~~Business Address:~~ _____

_____

_____

_____

Date: _____

_____Signature

~~Adopted 06/29/12~~

4824-8803-0144, v. 1

**ATTACHMENT B**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171 MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD., Plaintiff, | No. 19 CV 0368 MDL No. 2842 |
| v. | and |
| JOHN DOES, Defendants | |
| and | |
| TWO ROADS SHARED TRUST, Plaintiff, | No. 20 CV 00831 |
| JOHN DOES, Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

AGREEMENT TO BE BOUND BY CERTAIN PROTOCOLS GOVERNING ESI

   The undersigned hereby acknowledge that in handling any Discoverable Information, they will maintain and enforce written policies and procedures consistent with NIST Security and Privacy Controls for Federal Information Systems and Organizations (Special Publication 800-53 Rev. 4) or substantially similar security standards promulgated by another widely recognized organization.  In addition, any receiving party who will host Discoverable Information must provide to Cboe a current SOC 2 Type 2 report demonstrating reasonable design and operating effectiveness of recipient's information security related controls.  The

_____ 4

receiving party shall also satisfy the following Compliance Checklist demonstrating adequate security control:

1) Security: Information and systems are protected against unauthorized access, unauthorized disclosure, and damage to the system that could compromise the information or systems and effect the entity's ability to meet its security obligations. Security includes the protection of:

   a) Discoverable Information

   b) Systems that are used to analyze, host, store, extract, or otherwise contain Discoverable Information;

2) Availability: The system includes controls to support accessibility for operation, monitoring, and maintenance;

3) Processing Integrity: The system's ability to process data is complete, valid, accurate, timely, and able to meet and comply with the objectives set forth above;

4) Confidentiality: Information that is designated as Confidential Information, as set out in the protective order above, will be protected and designated as such by the system used;

5) Privacy: To the extent that personal information is collected, used, and revealed, the host will limit the use of such data to the terms set forth above; and

1)6) Purge: At the conclusion of the use of all data, the system is capable of applying physical or logical techniques that render recovery of the data infeasible using state of the art laboratory techniques in conformity with NIST SP 800-88 R1 Purge standard.

5