# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171<br>MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD.,<br>      Plaintiff, | No. 19 CV 0368<br>MDL No. 2842 |
| v. | and |
| JOHN DOES,<br>      Defendants | |
| and | |
| TWO ROADS SHARED TRUST,<br>      Plaintiff, | No. 20 CV 00831 |
| JOHN DOES,<br>      Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

## AGREED CONFIDENTIALITY ORDER
## IN RESPECT TO JOHN DOE DISCOVERY INFORMATION

The Parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Definitions**.

**(a)** "Action" means the above-captioned action, and any and all cases consolidated or coordinated with it.

**(b)** "Discoverable Information" means all materials produced by Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Cboe Exchange, Inc. ("Cboe") in connection with or response to Plaintiffs' Motion for early discovery (Dkt. 294).

**(c)** "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(l)(A).

**(d)** "ESI" shall have the same meaning and scope as it has in Federal Rule of Civil Procedure 34(a)(1)(A).

**(e)** "Party" means a Party to this Action only that has executed this Stipulation.

**(f)** "Producing Party" means Cboe.

**(g)** "Putative Class Action" means the consolidated class action plaintiffs in the Multi District Litigation number 2842.

**(h)** "Receiving Party" means Counsel for LJM Partners, Ltd. ("LJM") and/or Two Roads Shared Trust ("Two Roads") in this Action. References to "Plaintiffs" herein are limited to Counsel for these Plaintiffs.

**2.** **Scope**. Discoverable Information shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**3.** **Confidential Information.** As used in this Order, "Confidential Information" means all Discoverable Information. For the sake of clarity, this definition, however, does not extend to any information that the Receiving Party has previously purchased from Cboe or may purchase in the future, and the Parties agree that this Protective Order will not govern information

other than that produced by Cboe in connection with or in response to Plaintiffs' Motion for Early Discovery (Dkt. 294).

**4.    Designation.**

**(a)**    In order to designate all Discoverable Information as Confidential Information for protection under this Order, Cboe shall place or affix the words "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the media used to produce or disclose the Discoverable Information.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  Whenever the Receiving Party to whom electronically stored Discoverable Information so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall

mark the hard copy by affixing the designation "Cboe Confidential," "Cboe Internal," or "Cboe Restricted" to each page of such document.

**(b)** The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order.

**5. Protection of Confidential Material.**

**(a) General Protections**. Confidential Information shall not be used or disclosed by Counsel or any other persons identified in subparagraph (b) to this paragraph for any purpose whatsoever other than in this litigation, including any appeal thereof. For clarity and without limiting the foregoing, Confidential Information may not be disclosed to anyone who is a party or counsel, or is affiliated with a party or counsel from the related putative class action, or may reasonably be believed to be a potential class member in the putative class action.

**(b) Limited Third-Party Disclosures.** Cboe and Plaintiffs shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(8) to this paragraph. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Plaintiffs' Counsel.** Counsel for the Plaintiffs and employees of Counsel who have responsibility for the Action;

(2) **Defendants' Counsel**. Counsel for Defendants to the Actions and employees of Counsel who have responsibility for the Action, but only after such Counsel have executed a stipulation in substantially the same form as this Stipulation.

(3) **The Court and its personnel**. And any Court Reporters, videographers and their staff engaged for depositions, and mediators (and staff) appointed by the Parties to assist in alternative dispute resolution;

(4) **Contractors.** Those persons or entities who provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving in any form or medium) and their employees and subcontractors;

(5) **Consultants, Investigators, and Experts.** Consultants, investigators, or experts employed by Counsel to assist in the preparation and trial of this action but only

after such individual persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, have agreed to the data security provisions of Attachment B, and provided further that any part of a report created by such consultant, investigator or expert incorporating Confidential Information shall be designated appropriately by the Party responsible for its creation; and provided further that consultants, investigators or experts shall not use Confidential Information for any purpose that does not relate to this Action (including but not limited to other litigation and other work in their respective field);

(6) **Insurers' counsel.** The counsel representing the insurer or indemnitor of Cboe or Plaintiffs, including the insurer's or indemnitor's legal team, provided such counsel signs Attachment A prior to any disclosure;

(7) **Witnesses in this Action**. Witnesses to whom disclosure is reasonably necessary during depositions or testimony at trial or any hearing, provided that Counsel for the Plaintiff intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge, provided that Plaintiffs instruct the witness and their counsel that the material is subject to this Protective Order, provide them with a copy of the same, and have them execute Attachment A. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may review a copy of all exhibits marked at their depositions in connection with review of the transcripts; and

(8) **Others by Consent.** Other persons only by written consent of Cboe or upon order of the Court and on such conditions as may be agreed or ordered, in addition to those persons having signed Attachment A.

**(c)** **Summaries**. Counsel for Plaintiffs may provide summaries or characterizations of the Confidential Information to individuals employed by the Plaintiffs, who have responsibility to make decisions regarding the prosecution or settlement of the Action. Nothing in this Order is intended to bar or otherwise prevent Plaintiffs' counsel from rendering advice to their respective clients with respect to this Action and, in the course of rendering such advice, from relying upon their examination or knowledge of Confidential Information.

**(d)** **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel and any third-parties to whom disclosure is permitted by this Order, with the exception of the Court and its

personnel, shall also implement the specific controls set forth in Attachment B to this Order. To the extent that Confidential Information is ESI or is converted to ESI, it shall be stored and transmitted only in fully encrypted form as set forth in the ESI Protocol. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case. In the event that there is an unauthorized disclosure of Confidential Information, Cboe will be provided with a list of those who have executed Attachment B.

   **6.**  The recipient of any Confidential Information shall maintain such information in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws, including by establishing, maintaining, and enforcing written policies and procedures consistent with NIST Security and Privacy Controls for Federal Information Systems and Organizations (Special Publication 800-53 Rev. 4) ("NIST 800-53") or substantially similar security standards promulgated by another widely recognized organization, to safeguard against unauthorized or inadvertent disclosure of such material to persons or entities not authorized under this Order, and also agree to the requirements for data security set forth in Attachment B. In addition, the recipient of Confidential Information shall produce to Cboe a current SOC 2 Type 2 report demonstrating reasonable design and operating effectiveness of recipient's information security-related controls. Confidential Information shall not be copied, reproduced, extracted, or abstracted, except to the extent that such copying, reproduction, extraction, or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order. The recipient of any original media shall notify Cboe once the data has been copied,

reproduced, extracted, or abstracted, and shall return the original data file to Cboe. Cboe will maintain the produced data for the duration of the litigation.

7. **Unauthorized Disclosure of Confidential Information.** If Plaintiffs or any third-party to whom disclosure is permitted by this Order learns that, by inadvertence or otherwise, they have disclosed Confidential Information to any person or in any circumstance not authorized under this Order, they must within one business day of learning of the disclosure take the following actions: (a) notify Cboe in writing of the unauthorized disclosures; (b) use their best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons destroy the Confidential Information.

8. **Filing of Confidential Information.** Any Party wishing to file Confidential Information must seek to file such information in redacted form or under seal in accordance with the rules of this Court unless Cboe provides its written agreement that the Confidential Information may be publicly filed. This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9. **Inadvertent Production of Privileged or Otherwise Protected Material.** If Cboe inadvertently or mistakenly produces privileged material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to any claim of privilege, work-product immunity, protection pursuant to the joint defense or common interest doctrine, or any other applicable privilege for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law including Federal Rule of Evidence 502. When Cboe gives notice to Plaintiffs that certain inadvertently produced material

is subject to a claim of privilege or other protection, the obligations of the Plaintiffs are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as Cboe and Plaintiffs reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the court.

**10.  Challenges by a Party to Designation as Confidential Information.**  The designation of any material or document as Confidential Information is subject to challenge by Plaintiffs, and such challenge may be made at any time.  The following procedure shall apply to any such challenge.

**(a)  Meet and Confer.**  Plaintiffs must meet and confer directly with Counsel for Cboe before challenging the designation of Confidential Information.  In conferring, Plaintiffs must explain the basis for their belief that the confidentiality designation was not proper and must give Cboe an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  Cboe must respond to the challenge within five (5) business days of the conferral.

**(b)  Judicial Intervention.**  If Plaintiffs elect to challenge a confidentiality designation they may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**11. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**12. Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**13. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)** If Plaintiffs are served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, they must so notify Cboe, in writing, within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** Plaintiffs also must inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford Cboe an opportunity to try to protect their Confidential

Information in the court from which the subpoena or order issued.  Cboe shall bear the burden and the expense of seeking protection in that court of their Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Plaintiffs in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while Plaintiffs have Confidential Information in their possession, custody, or control.

**14.    Challenges by Members of the Public to Sealing Orders.**  A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**15.    Obligations on Conclusion of Litigation.**

**(a)    Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)    Obligations at Conclusion of Litigation.**  Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CBOE CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order that have not already been returned pursuant to paragraph 6 above shall be returned to Cboe or destroyed to the extent practicable (including, directing the Plaintiffs' discovery vendor(s) to take data offline or to take other steps to prevent access to the documents) in a manner that is consistent with the highest industry standards (e.g., the DoD 5220.22-M data sanitization method, in accordance with the Department of Defense National Industrial Security Program Operating Manual), unless the document has been offered into evidence or filed without restriction as to disclosure.  With respect to Confidential Information stored in electronic form, the Receiving Party

shall apply physical or logical techniques that render data recovery infeasible using state of the art laboratory techniques in conformity with the NIST SP 800-88 R1 Purge standard.

  **(c)**  **Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, Plaintiffs' Counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim portions of Confidential Information, (2) email correspondence related to their representation, so long as those correspondences do not duplicate verbatim portions of Confidential Information; and (3) one complete set of all: (i) documents filed with the Court including those filed under seal; (ii) all transcripts of depositions, including exhibits; and (iii) all final expert witness reports and supporting materials disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure. Counsel are not required to return or destroy Confidential Information that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; or (2) is located in the email archive system or archived electronic files of departed employees so long as the archived emails or files do not duplicate verbatim portions of the Confidential Information. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

  **(d)**  **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

  **16.**  **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

**17. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**19. Miscellaneous.**

**(a) Right to Object**. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**(b) Additional Parties**. In the event that a new Party is added, substituted, or otherwise brought into this Action, this Order will be binding on and inure to the benefit of the new Party once that new Party has executed the Acknowledgement and Agreement to be Bound, subject to the right of the new Party to seek relief from or modification of this Order.

*So Ordered.*

Dated: June 18, 2020

_____
U.S. District Judge
Manish S. Shah

| | |
|---|---|
| **WE SO MOVE and agree to abide by the terms of this Order** | **WE SO MOVE and agree to abide by the terms of this Order** |

s/ *George Zelcs*
George Zelcs
Chad Bell
Randall P. Ewing, Jr.
Ryan Z. Cortazar
KOREIN TILLERY LLC
205 N. Michigan Ave., Suite 1950
Chicago, Illinois 60601
Telephone: (312) 641-9750
cbell@koreintillery.com

Michael E. Klenov
KOREIN TILLERY LLC
505 North 7th Stree, Suite 3600
St. Louis, Mo 63101
Telephone: 314-241-4844
Facsimile: 314-241-3525
mklenov@koreintillery.com

*Attorneys for Plaintiff LJM Partners, Ltd.*

s/ *Amanda F. Lawrence*
Amanda F. Lawrence (pro hac vice)
Patrick McGahan (pro hac vice)
Michael P. Srodoski (pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
156 S. Main St., P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
alawrence@scott-scott.com
msrodoski@scott-scott.com

Christopher M. Burke (pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: 619-233-4565
Fax: 619-233-0508
cburke@scott-scott.com

Peter A. Barile III (#4364295)
Kristen M. Anderson (pro hac vice)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: 212-223-6444

s/ *Gregory M. Boyle*

Reid J. Schar
Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 923-2651
gboyle@jenner.com

*Attorneys for Cboe Global Markets, Inc., Cboe Futures Exchange, LLC, and Cboe Exchange, Inc.*

Dated: June 17, 2020

Fax: 212-223-6334
pbarile@scott-scott.com
kanderson@scott-scott.com

Anthony F. Fata
Jennifer W. Sprengel
Kaitlin Naughton
CAFFERTY CLOBES MERIWETHER &
SPRENGEL, LLP
150 S. Wacker, Suite 3000
Chicago, IL 60606
Tel: 312-782-4880
Fax: 312-782-4485
afata@caffertyclobes.com
jsprengel@caffertyclobes.com
knaughton@caffertyclobes.com

*Attorneys for Plaintiff Two Roads Shared Trust*

Dated: June 17, 2020

# ATTACHMENT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171<br>MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD.,<br>　　　Plaintiff, | No. 19 CV 0368<br>MDL No. 2842 |
| v. | and |
| JOHN DOES,<br>　　　Defendants | |
| and | |
| TWO ROADS SHARED TRUST,<br>　　　Plaintiff, | No. 20 CV 00831 |
| JOHN DOES,<br>　　　Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, as well as the requirements for data security set forth in Attachment B, understands the terms thereof, and agrees to be bound by all of these terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order and in accordance with the

requirements for data security set forth in Attachment B, solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order or the requirements for data security set forth in Attachment B may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____     _____
                                Signature

**ATTACHMENT B**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION | 1:18-cv-04171 MDL No. 2842 |
| and | |
| LJM PARTNERS, LTD., <br>     Plaintiff, | No. 19 CV 0368 <br> MDL No. 2842 |
| v. | and |
| JOHN DOES, <br>     Defendants | |
| and | |
| TWO ROADS SHARED TRUST, <br>     Plaintiff, | No. 20 CV 00831 |
| JOHN DOES, <br>     Defendants. | Honorable Manish S. Shah |
| *This Document Relates to All Actions* | |

AGREEMENT TO BE BOUND BY CERTAIN PROTOCOLS GOVERNING ESI

    The undersigned hereby acknowledge that in handling any Discoverable Information, they will maintain and enforce written policies and procedures consistent with NIST Security and Privacy Controls for Federal Information Systems and Organizations (Special Publication 800-53 Rev. 4) or substantially similar security standards promulgated by another widely recognized organization. In addition, any receiving party who will host Discoverable Information must provide to Cboe a current SOC 2 Type 2 report demonstrating reasonable design and operating effectiveness of recipient's information security related controls. The

receiving party shall also satisfy the following Compliance Checklist demonstrating adequate security control:

1) Security: Information and systems are protected against unauthorized access, unauthorized disclosure, and damage to the system that could compromise the information or systems and effect the entity's ability to meet its security obligations. Security includes the protection of:
   a) Discoverable Information
   b) Systems that are used to analyze, host, store, extract, or otherwise contain Discoverable Information;

2) Availability: The system includes controls to support accessibility for operation, monitoring, and maintenance;

3) Processing Integrity: The system's ability to process data is complete, valid, accurate, timely, and able to meet and comply with the objectives set forth above;

4) Confidentiality: Information that is designated as Confidential Information, as set out in the protective order above, will be protected and designated as such by the system used;

5) Privacy: To the extent that personal information is collected, used, and revealed, the host will limit the use of such data to the terms set forth above; and

6) Purge: At the conclusion of the use of all data, the system is capable of applying physical or logical techniques that render recovery of the data infeasible using state of the art laboratory techniques in conformity with NIST SP 800-88 R1 Purge standard.

7) The undersigned acknowledges that violation of the Confidentiality Order or the requirements for data security set forth in Attachment B may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date:_____          _____
                                     Signature